Knox v. Pioneer Coal Co.

(*Knoxville.* October 1, 1891.)

1. MASTER AND SERVANT. *Risks of employment.*

Servant assumes all risks properly incident to the employment in which he engages.

Cases cited and approved: Railroad v. McDaniel, 12 Lea, 386; Bradley v. Railroad, 14 Lea, 374.

2. SAME. *Proximate cause of injury to servant.*

Servant's act, and not the master's negligence, is the proximate cause of injury, where the servant left the work assigned him in a place of safety, and engaged, at the request of a fellow-servant, in different and more hazardous work at another place, made necessary by the master's negligence, in the prosecution of which he was injured.

FROM CAMPBELL.

Appeal in error from Circuit Court of Campbell County. W. R. HICKS, J.

HENDERSON & JOUROLMON for Knox.

J. E. JOHNSON for Company.

SNODGRASS, J. Plaintiff was injured while aiding Shannon, another employe of the defendant company, to prop an entry in defendant's mine, where plaintiff was digging coal.

It was not his business to prop the mine.

While Shannon, whose duty it was to prop it, was thus engaged, he asked plaintiff to help him. Plaintiff left the place where he was at work and went to do so. A large piece of slate fell on his thumb and mashed it while he was so aiding Shannon. He sued for $1,000; lost, and appealed.

If it was his duty to do this repairing, he cannot recover, because the danger of it would be the object for which he was employed, and was one assumed. If it was not his duty, and he was ordered to do it by one not authorized to command him, the company would not be liable. *Railroad Company* v. *McDaniel*, 12 Lea, 386. See also 14 Lea, 374.

Accepting the invitation or obeying the order of one not authorized to command him, and voluntarily placing himself in the dangerous position where he was hurt, gave him no right of action against the company.

The company had been negligent in suffering the mine to get in a dangerous condition, and allowing it to remain so, and had plaintiff's injury been occasioned by that negligence while he was in the line of his duty in passing under the loose slate, the company would have been liable; but it is not so when such negligence did not proximately cause the injury, but the same was caused by the voluntary act of plaintiff in placing himself under it to aid another servant of the company at his request.

Let the judgment be affirmed with cost.