ABIGAIL BRINK v. ALFRED FREOFF.

*Chattel mortgages—Default—Tender—Measure of damages for sale of more than was necessary to make good an instalment due on a chattel mortgage.*

Upon default in payment of an instalment of a debt secured by chattel mortgage, the mortgagee can take possession of all the mortgaged property and sell enough to make the amount due with interest and costs; but where the property consists of several articles, no more can be sold than is necessary to make good the instalment then due.

A mortgager of chattels or claimants under him, such as his creditors or assignee, have the right to redeem the property by paying the debt when due and before sale.

A chattel mortgage is only a security.

Title to mortgaged chattels does not become absolute in the mortgagee upon default in payment of the debt secured.

A tender is not good if made upon an impossible condition or one which the person making it had no right to impose.

*It seems* that the mortgager of chattels has the right on tendering payment to demand possession of them if still held by the mortgagee; but the mortgagee would be entitled to a reasonable time in which to comply.

A mortgagee of chattels on default in an instalment due seized and sold the whole property mortgaged in good faith for the extinguishment of the entire debt, part of which was not yet due. The property was divisible, and only enough should have been sold to make good the instalment due and costs. *Held,* to avoid circuity of action, the measure of damages for the wrongful conversion should be the value of the property less the amount of the debt secured by it, and any special damages. If the seizure and sale had been by a third person, however, the application of the proceeds by him to the payment of a debt of the mortgager, could not be shown to reduce damages.

Error to Wayne. Submitted April 11. Decided April 22.

TROVER. Defendant brings error.

*Hawley & Firnane* for plaintiff in error. A mortgagee of chattels may sell everything covered by the mortgage, on default in the payment of an instalment of the debt, *McConnell v. Scott,* 67 Ill., 274; *Halstead v. Swartz,* 1 Thomp. & C., 559; *Burton v. Tannehill,* 6 Blackf., 470; 1 Schouler's Pers. Property, 553; Herman on Chattel Mortgages, 212; *Reddick v. Gressman,* 49 Mo., 389; *Robinson v. Wilcox,* 2 N. Y. Leg. Obs., 160; the measure of damages for the conversion of property in which the defendant has such an equitable interest as security for a debt as would have entitled him to sell it in case of the debtor's default, is its residuary value after deducting the amount of the debt. Field on Damages, § 822; Sedgwick on Damages [6th ed.], 482, n. 2; *Cooper v.*

*Newman*, 45 N. H., 339; 2 Greenl. Ev., § 276; *Curtis v. Ward*, 20 Conn., 204; *Fowler v. Hoffman*, 31 Mich., 215; *Burk v. Webb*, 32 Mich., 173; *Brady v. Whitney*, 24 Mich., 154.

*Ward & Palmer* for defendant in error. Every instalment of a real estate mortgage is in effect a separate mortgage (Comp. L., §§ 5157–8; *Brown v. Thompson*, 29 Mich., 74), and chattel mortgages follow the analogy. Formerly the title to mortgaged property vested conditionally in the mortgagee and became absolute on breach of condition (*Tannahill v. Tuttle*, 3 Mich., 104), but it was afterwards held that the mortgagee could redeem before the property had been reduced to possession or sold under the mortgage, *Van Brunt v. Wakelee*, 11 Mich., 177, and that title did not pass to the mortgagee on breach of condition until after foreclosure, *Lucking v. Wesson*, 25 Mich., 443; *Kohl v. Lynn*, 34 Mich., 360; *Caruthers v. Humphrey*, 12 Mich., 278; taking another's property wrongfully and disposing of it in disregard of his rights, even if only for a temporary purpose, is a conversion, Cooley on Torts, 448–9, 451; *Liptrot v. Holmes*, 1 Kelly (Ga.), 391; *Hare v. Pearson*, 4 Ired. (N. C.), 76; *Gilman v. Hill*, 36 N. H., 311; *Boyce v. Brockway*, 31 N. Y., 490; *West Jersey R. R. Co. v. Trenton Car Works Co.*, 32 N. J., 517; *Webber v. Davis*, 44 Me., 147; *Briggs v. Bost. & L. Ry. Co.*, 6 Allen, 241; *Spaulding v. Barnes*, 4 Gray, 330; *Thompson v. Currier*, 24 N. H., 237; *Pickering v. Coleman*, 12 N. H., 148; *Dunlap v. Gleason*, 16 Mich., 158; tender discharges a lien, *Moynahan v. Moore*, 9 Mich., 9; *Caruthers v. Humphrey*, 12 Mich., 278; *Van Husan v. Kanouse*, 13 Mich., 303; *Potts v. Plaisted*, 30 Mich., 30; *Eslow v. Mitchell*, 26 Mich., 500; and is waived by absolute refusal to accept it, *Lacy v. Wilson*, 24 Mich., 479; *Flanders v. Chamberlain*, 24 Mich., 317; *Mattocks v. Young*, 66 Me., 459; *Bellinger v. Kitts*, 6 Barb., 273; *Barker v. Parkenhorn*, 2 Wash., 142; *Wesling v. Noonan*, 31 Miss., 599; *Stone v. Sprague*, 20 Barb.,

509; *Brewer v. Fleming*, 51 Penn. St., 102; *Ashburn v. Poulter*, 35 Conn., 553; *Thorne v. Mosher*, 20 N. J. Ch., 257.

MARSTON, J. Freoff brought an action of trover to recover the value of certain property [including a number of animals] taken by Mrs. Brink upon a chattel mortgage after default in the payment of the first installment, and sold to satisfy the entire amount secured by the mortgage before due.

Mrs. Brink had the right to take possession of all the property covered by the mortgage, and sell sufficient of the same to satisfy the amount then due with interest and costs thereon. When the mortgaged property consisted of several articles or things, as in this case, after sufficient was sold for the purpose mentioned, she could not proceed and sell the balance of the property in satisfaction of or to apply upon the installment not then due. To permit this would be to allow payment of the debt before due, but it would deprive the mortgagor, or those claiming under or through him, as creditors or assignees, from redeeming the property by a payment of the debt when due and before sale. This right is a substantial one of which the mortgagor cannot thus be deprived.

The authorities referred to in the brief of counsel, which seem to hold that after a default in the first installment, the entire property mortgaged, although severable, and more than sufficient to pay the amount due with costs, might be sold, are based upon the theory that the mortgagee's title to the property becomes absolute upon default, a doctrine which at present has no standing in this State. A chattel mortgage being a mere security for payment of the debt secured, the mortgagee cannot sell and dispose of the property in satisfaction of the debt until it becomes due; and no matter how advantageous it might appear to be for the mortgagor to have this done, in order to prevent cost and expense in

feeding and caring for the property while in possession of the mortgagee, awaiting the maturity of the debt, yet this, unless otherwise agreed upon, cannot be done. The statute permits a sale of the entire property under a real estate mortgage in certain cases, and an application of the proceeds thereof upon installments not then due, but it has no bearing upon cases like the present.

A question as to whether a tender of the amount of the debt was made before suit brought, became of some importance on the trial.

It appeared that a tender or offer of the money was made, coupled with a demand for the property wrongfully sold; that at the time this offer and demand were made, Mrs. Brink did not have the property, except one horse, the same having been purchased by third parties at the sale; that she so informed the parties making the offer. Indeed this fact was well known to all.

It is said that a tender to be good must be unconditional. This is true where the condition is one which the party has no right to make. Ordinarily upon payment of the debt the mortgagor would be entitled to restoration of the possession of the mortgaged property, if held by the mortgagee, and I can see no good reason why he should not be entitled to demand possession at the time of the tender. Of course the mortgagee would be entitled to a reasonable time in which to comply with the demand. Such is not the case, however. Here the offer of payment was only made upon the terms of the mortgagee's performing an impossible condition precedent. Such an offer might as well never have been made. All parties well knew the condition could not be performed, and therefore that Mrs. Brink could not get the money. It was a mere useless ceremony to offer it and could place the parties in no other or different position than they were.

It remains to be considered what the measure of damages should be. The debt was not paid, but in this case it could not be set off against the plaintiff's claim.

The sale of the property by the mortgagee before the debt became due was a conversion, but in an action of trover to recover the damages sustained thereby, the plaintiff could only recover the value of the property less the amount of the debt for which it was security, together with any special damages he might be able to prove. This is the extent of his damage.

This disposes of all questions between the parties in one action and gives each what rightfully belongs to him. Had a third person seized and sold this property and applied the proceeds towards the extinguishment of this or any other existing indebtedness of the mortgagor, in an action brought to recover damages therefor, such use of the proceeds could not be shown to reduce the damages. In this case we think the rule is different. The mortgagee was clearly entitled to the possession of the property, and had the right to sell a portion of it. In proceeding farther she was in the wrong, but acted in good faith in selling and applying the avails in satisfaction of the claim, although not due. That such was an injury to the mortgagor there is no doubt, but the extent thereof, taking the entire transaction, would not be the full value of the property. Should we hold such to be the law, then clearly the mortgagee could sue for and recover the indebtedness. Thus the parties at the end of the entire litigation would be in the same position, less costs and annoyance, that they would be were the entire controversy disposed of in the first action. *Fowler v. Gilman*, 13 Met., 267; Cooley on Torts, 457, n. 1; and authorities cited by counsel for plaintiff in error.

It follows that the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.