A. S. KOYER ET AL. v. FLORENCE WHITE ET AL.

No. 629.

1. **Mitigation of Damages for Tort.** — Action against a plaintiff in attachment, a constable, and his sureties, for seizure of a hay press claimed by plaintiff to be exempt from execution. On the trial it was relevant to show in mitigation of damages that the hay press, subsequent to the levy, had been sold under foreclosure proceedings, under a mortgage executed by the plaintiff.

2. **Same—Measure of Damages.**—The damages to which plaintiffs were entitled for the conversion of the property was a fair and reasonable compensation for such injury as resulted directly and proximately from the wrong complained of; ordinarily, its value and interest from date of seizure; and when, as in this case, the property has been legally sold and proceeds applied to the benefit of the owner, the proceeds of the sale should be deducted from the value.

3. **When Part of a Document is Read.** — The plaintiffs having read the attachment and part of the officer's return in evidence, the defendants were entitled to read the remainder of the paper, including his estimate of value.

4. **Farming Implements.**—It seems to be recognized that a hay press and reaper are exempt from execution as implements of husbandry owned by a farmer who had ceased to use them, save by his tenants, to whom his farm was leased.

APPEAL from the County Court of McLennan.    Tried below before Hon. W. H. JENKINS, County Judge.

This was an action for damages, actual and exemplary, brought by J. E. White (and revived after his death in the name of his widow and child), against Koyer, plaintiff in attachment, and Yates, a constable, and his sureties on his official bond, for the unlawful seizure under a writ of attachment of certain implements of husbandry exempted from execution. The plaintiff owned a farm, and the implements were in use upon it. He had temporarily leased the farm, intending to return.    The property seized was itemized—one hay press, of value $280; one cultivator, of value $25; one reaper, of value $150; one sulky plow, of value $61. Verdict and judgment for plaintiffs for $443.80 and costs.

It was pleaded by defendants, that the hay press had been sold (after the alleged levy) under foreclosure proceedings in behalf of other creditors. The rulings of the court and the facts invoking them sufficiently appear in the opinion.

*H. C. Lindsey*, for plaintiffs in error.—1. The court erred in refusing to allow the counsel for appellants, defendants in the court below, to read in evidence that portion of the constable's return on the attachment writ in the case of Koyer v. White in the Justice Court, that showed the value or price at which he, the constable, appraised the different articles attached and for the conversion of which this suit was brought.   McAuley v. Harris, 71 Texas, 639; 1 Greenl. on Ev., sec. 201.

2. J. E. White having given a lien on the hay press for the purchase money thereof, and said lien having been foreclosed in the case of Parlin & Orendorff Company v. J. E. White, in Dallas County Court, and the defendant Koyer being the purchaser of said hay press on the sale thereof under said judgment, he, said Koyer, was substituted to the rights of the original lien holders, and these facts were admissible in evidence, and would have been a defense, at least pro tanto.   Land and Loan Co. v. Blalock, 76 Texas, 85.

3. Implements of husbandry used by the hands of others working with the owner, or for him and themselves, are not exempt from seizure and sale under attachment.   Nor is machinery, including a reaper that requires from three to six horses and two men to operate it, exempt from seizure and sale under attachment.   Heidenheimer v. Blumenkron, 56 Texas, 308; Frank v. Bean, 3 Willson's C. C.; sec. 211; Tucker v. Napier, 1 W. & W. C. C., sec. 670.

*Williams & Evans* and *N. L. Davis*, for appellees.—1. The court did not err in refusing to allow counsel for appellants to introduce valuation of goods seized in constable's return on writ of attachment, the same be-

ing hearsay and inadmissible.  Stonebraker v. Friar, 70 Texas, 202; Richie v. Levy, 69 Texas, 133.

2.  The court did not err in excluding the judgment entry containing the foreclosure of a mortgage lien on the hay press in question, and the order of sale thereon and return on same.

(1)  The property being exempt, its seizure was a conversion by appellants at time of seizure.   2 Willson's C. C., sec. 249;  Farrar v. Talley & Hester, 68 Texas, 352.

(2)  Appellants, if they attached exempt property of J. E. White, were guilty of conversion at the time of the seizure of same, and can not escape liability because a lien creditor afterwards foreclosed a lien thereon. McGaughey v. Meek, 1 W. & W. C. C., sec. 1196;  Cone v. Lewis, 64 Texas, 331.

3.  The court did not err in rendering judgment for appellees.   The implements of husbandry that are exempt to a farmer do not lose their exempt character the moment he ceases to use them with his own hands, but retain such exempt character as long as used on his account in the cultivation of his lands by his hired hands, partners, or tenants; and Levi Glasgow being a partner of J. E. White in this cause, as tenant, and using the implements in cultivating White's farm for a short time, during which White had temporarily left the farm, did not subject such implements to execution, but they retained their exempt character.   Type Foundry v. Printing Co., 74 Texas, 651; Allison v. Brookshire, 38 Texas, 200;  Cone v. Lewis, 64 Texas, 333;  Foreman v. Meroney, 62 Texas, 726; Reinstein v. Daniels, 75 Texas, 640;  Alexander v. Holt, 59 Texas, 205; Cunningham v. Coyle, 2 Willson's C. C., sec. 423.

KEY, ASSOCIATE JUSTICE.—Suit by J. E. White against A. S. Koyer and W. F. Yates and the sureties on the latter's bond as constable, to recover the value of certain personal property, claimed by White to be exempt from forced sale, and which Yates, at the instance of Koyer, seized under an attachment against White sued out by Koyer.   White died, and his wife and child succeeded him as plaintiffs.

A verdict and judgment were rendered against the defendants, and they have appealed.

Appellants offered to prove that J. E. White executed a lien on part of the property, namely, a hay press; that said lien was foreclosed before White's death, and the hay press sold under the judgment of foreclosure and bought in by appellant Koyer.   Upon objection by appellees, the court excluded this testimony.

In our opinion this ruling was wrong.   The correct measure of actual damages is fair and reasonable compensation for such injury as results directly and proximately from the wrong complained of; and ordinarily when property is unlawfully converted, its value at the time, with inter-

est, is the true measure of damages. If in the application of the latter rule, fair compensation is not attained, or is exceeded, such other mode should be adopted as will afford such compensation, and nothing more. If it be true, therefore, that another creditor of J. E. White had a valid mortgage on the hay press, that said lien was foreclosed, and the press legally sold to satisfy the foreclosure judgment, then it will not require the entire value of said press to compensate White or those who have succeeded to his rights for its conversion by appellants. The amount for which it sold under the foreclosure judgment having been applied to White's benefit, and in payment of a debt to secure which he had created a lien on the property, if the plaintiffs be allowed to recover the full value of the hay press, more than compensation will be allowed. They will have compensation for the property and a credit on a valid debt of the amount for which it sold under the foreclosure judgment. The excluded evidence was admissible in mitigation of damages. 15 Am. and Eng. Encycl. of Law, 688; 7 Laws. Rights and Rem., sec. 3677, p. 5717; Higgins v. Whitney, 24 Wend., 379; Morrison v. Crawford, 7 Ore., 474; Hopple v. Higbee, 3 N. J. Law, 342; Pierce v. Benjamin, 14 Pick., 356 (25 Am. Dec., 396); Brink v. Freoff, 40 Mich., 610; Irish v. Cloyes, 30 Am. Dec., 446.

The extent that such evidence should go in mitigation presents a more difficult question. It is plausible to say that if the property wrongfully attached was by another creditor legally seized and sold, and the proceeds applied to a debt for the payment of which the owner had created a contract lien on the property, then remuneration for the loss of its use from the time of its seizure under the attachment to the time of its sale at the instance of the other creditor will compensate the owner, although it may have sold for less than its value. If it could be clearly shown that the wrongful act of the attaching creditor in nowise influenced the conduct of the other creditor, or affected the price at which the property sold, there would be great force in this contention. Because if the property would have been seized by the other creditor and sold for the same price, if it had not been wrongfully attached, how is the owner injured, except that he has been deprived of its use from the time it was wrongfully attached until it was lawfully seized by the other creditor? The general rule, however, seems to be to deduct the amount realized on the property and applied to a debt of the owner for which it was liable from the value of the property; and under the peculiar facts of this case— other legal proceedings having followed the one here complained of, the property having been sold more than once under said proceedings, and the hay press having been purchased by appellant Koyer, the principal tort feasor (if the attachment was wrongfully sued out), at the only sale which the evidence indicates was legal, for $2.50, while his own testimony

shows that it was worth $90, and other evidence tends to show that it was worth $200—we conclude that this rule should apply in this instance, and the measure of damages be the value of the hay press, less the amount for which it sold at the foreclosure sale.

Appellees having put in evidence the attachment sued out by Koyer against White, and part of the constable's return thereon, appellants should have been permitted to read as evidence the balance of the return, showing the valuation placed upon the property seized by the officer at the time of its seizure. If for no other reason, the remainder of the return was admissible because it related to the same subject and was part of the same writing. Greenl. on Ev., secs. 201, 202.

In reference to the third assignment of error, we merely remark, that if the appellees had been content to prove by Yates that he made the levy in question at the instance of Koyer, without proving what he said to Koyer about the property being exempt, then the court's ruling, excluding the response made by Koyer explanatory of why he was having the levy made, would certainly have been correct; and as the evidence will probably be thus restricted, and the question as now presented eliminated upon another trial, we deem it unnecessary to determine whether or not the ruling complained of is reversible error. Other assignments are without merit.

Judgment reversed and cause remanded.

*Reversed and remanded.*

Delivered February 14, 1894.