|103    505|
|141 · 502|

JOHN H. COLE v. NELSON SHAW, IMPLEADED WITH CHARLES
LOCKLIN.

*Chattel mortgage—Insecurity clause—Sale—Action upon notes—
Estoppel.*

1. A clause in a chattel mortgage, which contains the usual power
of sale on default in payment of the mortgage debt, authoriz-
ing the mortgagee, at any time when he shall deem himself
insecure, to take possession of the mortgaged property, and
dispose of the same in the manner specified in said power of
sale, gives the right, in case of a seizure thereunder, to sell at
once, and before the maturity of the mortgage debt; citing
*Shattuck v. Cole,* 91 Mich. 580; *Schmittdiel v. Moore,* 101
Id. 590.

2. Where the undertaking of the makers of a chattel-mortgage
note is for the absolute payment of the secured debt, it is not
necessary that the mortgagee should exhaust his security
before bringing suit upon the note.

3. Two livery-stable keepers, after mortgaging their livery stock
to secure the payment of a portion of its purchase price, sold
part of the stock, and substituted therefor other stock of like
character, after which one of them sold his interest in the
stock and business to the other, who assumed the payment of
the mortgage and accompanying note. The mortgagee sought
to foreclose his mortgage. The mortgagor who had assumed
the payment of the mortgage forbade the mortgagee from
seizing the substituted property. Thereupon the mortgagee,
who had seized the entire property, turned over to said mort-
gagor the substituted property, and he, with the assistance of
the other mortgagor, sold it, the latter stating to the pur-
chaser that the mortgage did not cover said substituted prop-
erty, and that the mortgagee had no right thereto. The mort-
gagee sold the remainder of the property which he had seized,
and then sued the mortgagors upon their note. The mortgagor
who had sold his interest in the property alone defended, and
sought to charge the plaintiff with the value of the substi-
tuted property. And it is held that he is not in a position to
insist that the note be reduced by the amount which said
property would have brought upon a sale under the mortgage.

Error to Kent. (Adsit, J.)   Argued November 21, 1894.
Decided January 4, 1895.

*Assumpsit.*   Defendant Shaw brings error.   Affirmed.
The facts are stated in the opinion.

*M. H. Walker,* for appellant.

*Henry J. Felker,* for plaintiff.

MONTGOMERY, J. This is an action on a promissory
note executed by defendants, made April 13, 1891, for
$600, due two years after date, with interest at 7 per cent.,
with the privilege of paying $100 or more at any time.
The note was secured by a chattel mortgage executed by
defendants on personal property, consisting of horses, car-
riages, buggies, a dray, lumber wagon, harnesses, robes,
blankets, etc. The plaintiff recovered below the amount
of the note, less the sum realized by a sale of such of the
mortgaged property as came into his hands. The defend-
ant Shaw brings error, and insists that, as the plaintiff
seized the property and sold it before the mortgage was
due, and without being authorized to do so under the
terms of the mortgage, he should be charged with the full
value of the property sold, which is claimed to have been
sufficient to satisfy the note. The appellant also claims
that, for certain of the property which the plaintiff did
not seize under his chattel mortgage, other property of a
like kind had been substituted, and that it was the
plaintiff's duty to seize and sell this substituted property, but
that, as plaintiff seized it under his chattel mortgage, and
subsequently turned it back to the mortgagor, he should
be charged with the value of this substituted property,
consisting of two buggies and a lumber wagon. After the
giving of the mortgage, the defendant Shaw sold out his

interest in the mortgaged property to his co-defendant, who assumed and agreed to pay the note and mortgage. The case was tried before the circuit judge without a jury, and comes before us upon special findings of fact and law.

1. As to the first contention of the defendant, the mortgage contained the usual provision that—

"If default be made in such payment, the said John H. Cole is hereby authorized to and· shall sell, at public or private sale, the goods, chattels, and personal property hereinbefore mentioned, or so much thereof as may be necessary to satisfy the said debt, interest, and reasonable expenses, and to retain the same out of the proceeds of such sale."

It also contained the further provision that—

"The said John H. Cole is hereby authorized, at any time when he shall deem himself insecure, or if the said parties of the first part shall sell, assign, or dispose of, or attempt to sell, assign, or dispose of, the whole or any part of the said goods and chattels, or remove, or attempt to remove, the whole or any part thereof from the said township of Sparta, without the written assent of the party of the second part, then and from thenceforth it shall and may be lawful for the said party of the second part, his executors, administrators, or assigns, or his, her, or their authorized agent, to enter upon the premises of the said party of the first part, or any place or places where the said goods and chattels, or any part thereof, may be, and take possession thereof, *and dispose of the same in the manner above specified.*"

A mortgage containing similar provisions was before the Court and construed in the case of *Shattuck v. Cole,* 91 Mich. 580; and, while the question was not presented in precisely the same form, it was then considered that the intention of the parties was that, in case of a seizure of the property under the insecurity clause above quoted, it was the duty of the mortgagee to proceed to sale at once.

Attention is called to the case of *Brink v. Freoff,* 40 Mich. 610, 44 Id. 70, in which it was held that the power

to seize the property covered by the mortgage did not authorize a sale until the mortgage became due. But this case did not turn upon the construction of any such clause as is contained in the present mortgage. There can be no doubt about the validity of a provision authorizing the mortgagee to take possession and sell the property. See *Schmittdiel v. Moore,* 101 Mich. 590, and cases cited. The contention of defendant's counsel is that this chattel mortgage was not to be so construed, but we think the circuit judge correctly construed the instrument. No provision is made for retaining the property in the possession of the mortgagee, but, on the contrary, upon seizing the property under the insecurity clause, he is to "dispose of the same in the manner above specified;" and the "manner above specified" is to sell the same at public or private sale, to satisfy the debt, interest, and reasonable expenses.

2. As to the buggies and lumber wagon, it is very questionable whether the defendant is in position to raise this question. The undertaking in the note to pay the debt to plaintiff is absolute. It was not necessary that he should exhaust his security before bringing suit upon the note.

But it is insisted that the plaintiff actually seized the property which is claimed to have been substituted, and afterwards turned it back to the possession of the mortgagor. If, as a matter of fact, the property was subject to his mortgage, this would not have prevented the defendant Shaw from making payment and being subrogated to the rights of the mortgagee. But, further than this, the circuit judge found, as to this property,—

"That plaintiff was forbidden by the agent of defendant Locklin, in charge of the property, to take property not covered by the mortgage, and that such property was not disposed of or sold by plaintiff, but that the same was, after the mortgage sale, disposed of by said defendant Locklin, with the aid of defendant Shaw, who induced a

purchaser to purchase said property by the statement that plaintiff's said mortgage did not cover such property, and that said Shaw claimed that said plaintiff had no right to said property."

There is no finding that the plaintiff consented to the sale of the property by Locklin, and, if the property was subject to his mortgage before seizure, it was equally so after it had been turned back to the possession of Locklin. On the contrary, there is a finding that defendant Shaw was active in inducing a purchaser to purchase said property from Locklin. We do not think, under these circumstances, that he is in position to insist that the note be reduced by the amount which the property would have brought upon a sale.

We have not overlooked the contention of defendant that this finding is not supported by the testimony, but we think there was some testimony upon which to base the finding, and we cannot consider its weight.

We find no error in the record.

Judgment will be affirmed, with costs.

The other Justices concurred.