CAPPON & BERTSCH LEATHER CO. *v.* PRESTON NATIONAL BANK OF DETROIT.

1. APPEAL—EVIDENCE TO SUPPORT FINDING—PRESUMPTIONS.
   Where the record on appeal does not purport to contain all of the testimony, it will be presumed that there was evidence to support the jury's finding upon a fact submitted to them.

2. SALE—FRAUDULENT PURCHASE—GOOD FAITH OF MORTGAGEE—BURDEN OF PROOF.
   A mortgagee of goods fraudulently purchased by the mortgagor has the burden of proving, in an action by the vendor to recover back the goods, that the mortgage was taken in good faith, for present value, and without notice of the fraud.

Error to Wayne; Simpson, J., presiding. Submitted June 10, 1897. Decided September 14, 1897.

Replevin by the Cappon & Bertsch Leather Company against the Preston National Bank of Detroit, Clarkson M. Snedicor, and others. From a judgment for plaintiff, defendant bank brings error. Affirmed.

*J. G. Dickinson*, for appellant.

*Sloman & Groesbeck*, for appellee.

MOORE, J. Plaintiff is a wholesale dealer in leather. Defendant Snedicor was engaged in business in Detroit under the firm name of Snedicor & Hathaway. It is the

claim of the plaintiff that in July, 1894, Snedicor came to its place of business to buy leather, and at that time represented himself to be perfectly solvent, and represented that he had in good accounts and stock in trade $50,000 above all liabilities, and also owned a piece of unincumbered real estate on Woodward avenue worth $50,-000; and that, relying upon these statements, during the summer it sold him goods; that on the 23d of November, 1894, its officers had another conversation with him, in which he said his affairs were in the same shape they had been, and, relying upon his statement, it sold him a bill of leather amounting to nearly $1,500; that, soon after this, the plaintiff learned the statements to be untrue, and that as early as February, 1894, Snedicor had deeded the Woodward-avenue property to the Preston National Bank of Detroit, and also assigned, in February, 1894, to the bank, his accounts. November 30, 1894, Mr. Snedicor made to the Preston National Bank a chattel mortgage of all his stock of goods, and the bank at once took possession of the goods. December 5, 1894, Mr. Snedicor made another chattel mortgage of his goods to Charles S. McDonald as trustee for creditors. When the plaintiff learned what the situation was, it instituted this suit in replevin to recover the goods sold November 23, 1894. Part of the goods were found in the possession of the Preston National Bank; the others were not found. The case was tried by a jury, who gave a verdict in favor of the plaintiff against the bank for the goods found in its possession, and against Snedicor for the value of the goods not found. The bank appeals.

A large number of errors are assigned, and but few of them are argued. It is the claim of the defendant that the bank was a good-faith mortgagee for a present consideration passing at the time of the making of the mortgage, and for that reason the court should have directed a verdict in its favor. The bill of exceptions does not purport to contain all of the testimony, and we cannot presume that there was no testimony showing knowledge

upon the part of the bank.   Indeed, it is not clear from the testimony that does appear in the record that the question of good faith was not a proper one to submit to the jury.

The circuit judge charged the jury that, if Snedicor fraudulently obtained the goods, "the burden is upon the Preston National Bank, if it claims to have rights to these goods superior to the plaintiff, to show that, at the time its mortgage was taken, it parted with a valuable consideration in good faith, and without notice of the circumstances under which the goods were obtained."   It is claimed this puts the burden of proof where it does not belong.   We think the charge of the court was fully justified by the late case of *Whitaker Iron Co.* v. *Preston Nat. Bank,* 101 Mich. 146, and cases there cited.   The charge was a long one, and, without quoting more of it, we think it was quite as favorable to the defendant bank as it should have been.

Judgment is affirmed.

LONG, C. J., and MONTGOMERY, J., concurred.   GRANT and HOOKER, JJ., did not sit.