## VAN WERDEN v. WINSLOW.

1. APPEAL—ASSIGNMENTS OF ERROR—DIRECTING VERDICT.

> An assignment of error based upon the refusal of the court to direct a verdict cannot be considered where the record does not contain all the evidence.

2. LEASE — ENTRY OF LESSOR UNDER MORTGAGE CLAUSE — TRESPASS AND CONVERSION—DAMAGES.

> Where a lessor of celery land, upon the lessee's falling in arrears for rent, enters and takes possession of the crops under a chattel-mortgage clause in the lease, he can be held liable to the lessee in an action of trespass and conversion only to the amount of the excess value of the property converted over the amount due for rent.

3. SAME—EVIDENCE—INSTRUCTIONS.

> It appearing in such action that the lessor entered upon but one of two pieces of land covered by the lease, he is entitled to an instruction that he is not responsible for any injury or loss to the crop upon the parcel which he did not enter.

4. SAME—PRESERVATION OF CROPS—DUE CARE.

> It being the lessee's theory that the action of the lessor in opening trenches and exposing the plants to the air occasioned loss, the lessor should be permitted to show by the testimony of skilled growers that the treatment was customary and proper; a chattel mortgagee in possession being responsible only for reasonable care in protecting the property.

5. SAME—DAMAGE OCCASIONED BY PLAINTIFF'S ACT.

> If injury resulted from the lessee's fault in ordering away the lessor's employés when they came to look after the crop, and then leaving it himself without any protection or care, he cannot recover in such action.

Error to Kalamazoo; Buck, J.    Submitted June 15, 1898.    Decided July 12, 1898.

Trespass *de bonis* by Peter Van Werden against Amos J. Winslow.    From a judgment for plaintiff, defendant brings error.    Reversed.

The declaration alleges that defendant "entered plaintiff's close of celery land, and pulled up, carried away, and converted and disposed of said celery to his own use, and pulled down and removed the soil from the crop of celery growing thereon." Defendant was the owner of the land, consisting of two parcels, one containing 1 acre, and the other 2¾ acres, and had leased it to plaintiff for one year, for $115. The rent was past due, and plaintiff had paid only $25. The lease contained a chattel-mortgage clause giving defendant a mortgage on all the crops grown, as security for the rent, and, in case of default, authorized defendant to enter upon the land, seize the goods, and sell them at public vendue, upon giving the usual notice of sale.

Plaintiff gave testimony tending to show that defendant demanded the rent November 23d; that there was some conversation about turning out the celery in payment of the rent; that no agreement was reached; that on November 25th defendant claimed to take the celery by virtue of his mortgage, and told plaintiff not to enter on the land again or take away any more of the celery; that on the 26th two men went upon the piece containing 2¾ acres, and opened the trenches in which the celery had been placed, and removed the earth from the tops; that the weather had been warm, and the trenches were opened for the purpose of giving the celery air and letting the steam out from the trenches, to prevent it from rotting; that, when these men had about finished uncovering this piece, he ordered them to leave, threatening them with arrest if they did not, and told them not to come back on the land, and the men left; that the one-acre piece was not disturbed; that on the 27th the weather became colder, and on the 28th these same men went upon the land, and commenced to cover up the celery; that he forbade them to touch it, and ordered them off the place; that plaintiff did not take out or sell any celery after November 23d, because defendant had ordered him not to; that he did not want others to go on, and had ordered them not to; and that the celery froze

in consequence of exposure, and became worthless and unfit for market.

Defendant gave testimony tending to show that on the 23d of November he made a parol agreement with plaintiff to take the two pieces of celery in payment for the rent; that on the 25th he asked plaintiff to sign a release which defendant had prepared, releasing the crops and waiving a public sale; that plaintiff refused, and defendant thereupon took possession under his chattel mortgage, and advertised and sold the celery. That part which was uncovered brought 50 cents. The part that remained covered brought $30.

The case was submitted to the jury, who rendered a verdict for the plaintiff for the full amount of the entire crop.

*Howard, Roos & Howard,* for appellant.

*Alfred S. Frost (Alfred J. Mills,* of counsel), for appellee.

GRANT, C. J. *(after stating the facts).* 1. Error is assigned upon the refusal of the court to direct a verdict for the defendant. The record does not contain all the testimony, and therefore this assignment cannot be considered.

2. The court erred in refusing to instruct the jury, as requested, that plaintiff could not in any event recover to exceed the value of the celery less the amount due for rent. Counsel for plaintiff concede this to be the rule in actions for trover under the like circumstances. The declaration charges conversion as well as trespass. Defendant had a right to enter and take possession under his mortgage. We find nothing upon the record to show that he did not lawfully enter. It quite conclusively appears, even from plaintiff's own testimony, that defendant, in removing the earth, was taking a proper course to protect the property from injury. A conversion being charged, we think that the request should have been given. *Brink* v.

*Freoff*, 40 Mich. 610; *Rall* v. *Cook*, 77 Mich. 681; 5 Am. & Eng. Enc. Law (2d Ed.), 998. Whether plaintiff could avoid this rule by an action *quare clausum fregit,* —*quære.*

3. Defendant was not responsible for any injury or loss to the celery upon the one-acre piece, which he did not touch, and the jury should have been so instructed.

4. The court erred in rejecting the testimony of skilled celery growers that it was customary and proper to open the trenches in warm weather, in order to prevent the celery from heating. If defendant was in possession under his chattel mortgage, it was his duty to use reasonable care in protecting the property; and, if he exercised such reasonable care, he was not liable for any loss. Jones, Chat. Mortg. (4th Ed.) § 697; 5 Am. & Eng. Enc. Law (2d Ed.), 1006.

5. Defendant urges that the injury resulted from plaintiff's own fault in ordering defendant's employés away, and then leaving the celery without any protection or care. Since this question may arise upon a new trial, we will dispose of it. The jury should have been instructed that if defendant took possession under his chattel mortgage, and placed these men in charge, and plaintiff ordered them away after the trenches were opened, and then neglected to take proper care of the celery, he cannot recover. This would permit him to take advantage of his own wrong.

Judgment reversed, and a new trial ordered.

The other Justices concurred.