## BURTON v. VARIETY IRON WORKS.

APPEAL—EVIDENCE—HEARSAY—OBJECTION NOT RAISED BELOW.·
Where testimony in support of an allegation was admitted
the trial without objection or subsequent motion to strike
out, it cannot be claimed on appeal that there was no com-
petent evidence in support of such allegation, on the ground
that the evidence admitted was hearsay, since, had objection
been raised at the trial, competent evidence might have been
supplied.

Error to Wayne; Carpenter, J.   Submitted December
7, 1900.   Decided March 26, 1901.

*Assumpsit* by William J. Burton against the Variety
Iron Works for work and labor.   From a judgment for
plaintiff, defendant brings error.   Reversed.

*Hedley V. Richardson*, for appellant.

*Bowen, Douglas & Whiting*, for appellee.

MOORE, J.   The amount in dispute in this case is $54.34.
It was the claim of the plaintiff that he did extra work
upon a building at Port Huron, by putting on roof flash-
ings, to the amount for which he recovered judgment, for
which defendant was to pay.   It is the contention of the
defendant that it was no part of its contract to do this
work; that it never ordered the work done, and never
authorized it to be done.   The circuit judge thought
there was a question of fact involved, which should be
submitted to the jury, and he did submit it to them.   It
is now claimed that the judge should have directed a ver-
dict in favor of defendant.

It is claimed by the plaintiff that the record does not
purport to contain the substance of all the evidence offered
in the case; that, under such circumstances, we cannot
presume there was no testimony justifying the charge of

the judge,—citing *Botsford* v. *Chase*, 108 Mich. 432 (66 N. W. 325); *Cappon & Bertsch Leather Co.* v. *Preston Nat. Bank*, 114 Mich. 263 (72 N. W. 180); *Van Werden* v. *Winslow*, 117 Mich. 564 (76 N. W. 87). This would be the rule if the fact was as stated; but the record shows that it contains substantially all of the testimony bearing upon the disputed claim.

The defendant insists that there is no competent evidence to show that it was any part of its contract to do the work in dispute; that the testimony of plaintiff bearing upon that subject was hearsay. No objection was made to the admission of the testimony, nor was any motion made to strike it out. If it had been objected to in the court below, and excluded, because it was hearsay, it is quite possible that the testimony might have been supplied by competent evidence. If the objection was to be made, it should have been made in the trial court.

As to the defense which is urged,—that there was no testimony tending to show defendant had ordered the work done or authorized it to be done,—we think, putting the most favorable construction possible upon the testimony offered by the plaintiff, that it does not show that the defendant authorized the work to be done. On the contrary, we think that the correspondence shows that, when defendant's attention was called to this work, it declined to authorize the plaintiff to do it on its behalf. We think that a verdict should have been directed in favor of defendant.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.