PINKERTON BROS. CO. *v.* BROMLEY.

1. REPLEVIN — FRAUDULENT PURCHASE OF GOODS — BURDEN OF PROOF.

Where, in replevin for goods alleged to have been fraudulently purchased, defendant, a subsequent purchaser, admits the fraud in the original transaction, he has the burden of proving his own good faith.

2. SAME—DEFENSES.

Where such admission in terms relates to "the goods in question," an objection that part of the goods originally purchased were paid for, and that there is nothing to distinguish those goods from the others, is not afterwards available to defendant.

3. APPEAL—NEW TRIAL—MISCONDUCT OF COUNSEL.

Defendant moved for a new trial because of the misconduct of counsel during argument. The remarks made did not appear

in the record, except in the motion, nor did it appear whether the attention of the court was called thereto, or what was done by him, except in the statement by the court of his reasons for denying the motion, which contained a showing of no prejudice. *Held,* that the statement of the court was conclusive.

4. SAME—NEWLY-DISCOVERED EVIDENCE.

A motion for new trial on the ground of newly-discovered evidence is properly denied, where it appears that all of the witnesses resided in the city where the trial was had, and it is not shown that their testimony could not have been procured by proper diligence.

Error to Wayne; Carpenter, J.   Submitted April 19, 1901.   Decided September 25, 1901.

Replevin by the Pinkerton Bros. Company against Joseph H. Bromley.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*William B. Jackson,* for appellant.

*John Miner,* for appellee.

MOORE, J.   This case has been here once before, and is reported in 119 Mich. 8 (77 N. W. 307).   A reference to the case as there reported will make a long statement of facts unnecessary.   Upon the second trial both parties introduced testimony at length.   The case was tried by a jury, who rendered a verdict in favor of the plaintiff. The case is brought here by writ of error.

It was the claim of plaintiff, and it introduced testimony tending to show its claim, that the goods were obtained from the plaintiff by Bothwell by means of fraud, and that defendant was not a *bona fide* good-faith purchaser of the goods.   It was the claim of the defendant that he was a good-faith purchaser of the goods without knowledge of any fraud.   After the testimony was all in, the following occurred in open court:

"*Mr. Atkinson* (arguing): The court will tell you in the charge that it is admitted by the defendant in this

case that the goods in question were obtained from Pinkerton Bros. by fraud, and that the only question in the case is whether Mr. Bromley acted in good faith, as a prudent business man should have acted, and bought these goods, and paid his money for them—

"*Mr. Pound* (interrupting): Now, your honor, I ask you to state to this jury whether or not the counsel for the defendant ever agreed that Pinkerton Bros. were not blameworthy in not making any investigation about Mr. Bothwell.

"*The Court:* I understand the counsel to say simply this: That they would make no question but that Bothwell obtained these goods from Pinkerton Bros. by fraud.

"*Mr. Pound:* That is right."

Among other requests to charge preferred by the defendant was the following:

"The evidence in this case shows that plaintiffs sold to the firm of L. E. Axford & Co. and W. H. Bothwell goods to the amount of $2,700, upon which they were paid in cash the sum of $1,500. As to the goods paid for, the title passed to them, L. E. Axford & Co., and as to these goods plaintiffs could not bring replevin in any event."

Other requests involving the same question were also offered. It is now insisted that replevin will not lie for the goods for which the credits paid, and that, as these goods were not distinguished from those for which payment had not been made, the plaintiff has mistaken its remedy, and should either have brought trover or sued in attachment.

The understanding of the effect of the testimony and of the admission of counsel for defendant by the trial judge is indicated by that part of his charge reading as follows:

"Now, respecting those goods, the testimony is undisputed that Bothwell acquired them by fraud. At least, I understand that counsel make no question upon that proposition. It seems that Bothwell formed this partnership known as L. E. Axford & Co., and bought goods from the plaintiff, and partly paid for those goods with funds embezzled by him from his employer; and it is very obvious from the testimony in this case that his conduct

was fraudulent, and he had no intention of paying for the remainder.   So it is undisputed that that transaction was fraudulent, and, if these goods had remained in the hands of Bothwell, there would be no question but that the plaintiff would have the right to replevy them.   But when these goods were replevied they were in the possession of the defendant in this case, Mr. Bromley, and the sole question for your consideration, so far as relates to these goods,—and that comprises nearly all the goods in this case,—is whether or not the defendant, Bromley, was a purchaser in good faith and for a valuable consideration; in other words, had he honestly acquired the property in those goods ?   If he was a purchaser in good faith and for a valuable consideration, he had a right to hold those goods, notwithstanding any fraud practiced by Bothwell upon the plaintiff in this case.   If, on the other hand, he did not purchase in good faith for a valuable consideration, he had no right to hold those goods against the plaintiff.   So that is the question upon which the verdict turns:   Did Bromley purchase in good faith and for a valuable consideration ?   As bearing upon that proposition, —more, perhaps, to emphasize it than for any other reason, —I read you one of the plaintiff's requests, and approve it as the law :

"'When goods are obtained by fraud, they may be reclaimed by the seller; and, if any person claims to have purchased the goods of the person who committed the fraud, the party claiming must establish by a preponderance of proof that he bought the goods in good faith, and paid for them without any knowledge of the fraud, or of such circumstances as would put an ordinarily prudent business man on inquiry so that he might ascertain the truth.'

"And in the same connection I read one of the requests of the defendant:

"'Plaintiff, having sold Axford & Co. and William H. Bothwell goods, and settled therefor by taking notes, cannot reclaim the same against the defendant if the jury believes that the defendant bought in good faith and for a valuable consideration.'

"You will notice both of these requests lead to the same conclusion, and that is, the question of whether Mr. Bromley bought in good faith and for a valuable consideration."

In view of the testimony and the admission of counsel, we think this feature of the case was properly submitted

to the jury. *Whitaker Iron Co.* v. *Preston Nat. Bank,* 101 Mich. 146 (59 N. W. 395); *Cappon & Bertsch Leather Co.* v. *Preston Nat. Bank,* 114 Mich. 263 (72 N. W. 180); *Durrell* v. *Richardson,* 119 Mich. 592 (78 N. W. 650).

A motion was made for a new trial, based upon the conduct of counsel during the argument, and because of newly-discovered evidence. In giving the reasons in the motion for a new trial why a new trial should be granted, statements are made as to what was said by counsel; but it does not anywhere else appear in the record what was said by counsel, or whether the attention of the court was called to what he said, or what disposition was made by the court in relation to his conduct, except as it appears in the reasons given by the trial court for denying the motion for a new trial, wherein the judge says:

" As to the ground of misconduct of counsel: The specifications under this charge relate to improper arguments advanced by plaintiff's counsel in addressing the jury, and to statements by counsel of matters which are not in testimony. I have looked over the proceedings relating to these arguments, and it seems to me that defendant was not prejudiced by the matters of which he now complains. When the attention of the court was called to statements of counsel not based on testimony, he promptly stated to the jury that there was no testimony of such import. I do not think that, on the whole, counsel exceeded the license which the court is bound to give in cases of this character, and under the circumstances which surrounded this trial."

In view of the condition of the record, we cannot say this was not entirely true.

As to the newly-discovered evidence, the affidavits show the witnesses all lived in Detroit, and it is not shown their testimony could not have been procured upon the trial by the exercise of proper diligence.

The judgment is affirmed.

The other Justices concurred.