SAMUEL SCHOMER, APPELLANT, v. WILLIAM F. HOFF-
MAN ET AL., TRUSTEES, ETC., RESPONDENTS.

Submitted October 29, 1925—Decided February 1, 1926.

In a suit for conversion the normal measure of damages is the value
of the goods at the time the conversion occurs, and where the
property alleged to have been converted was a mortgage upon
certain real estate, the amount of which was *prima facie* proof
of its value, but defendant showed that the mortgaged premises
were not of the value of the total amount of the mortgage upon
it, it was for the jury to decide the true value of the converted
mortgage.

For the appellant, *William R. Vanecek* and *Edward F.
Merrey.*

For the respondents, *Pitney, Hardin & Skinner.*

The opinion of the court was delivered by

MINTURN, J.  Plaintiff brought suit to secure damages for
the conversion of a certain mortgage for the sum of $13,000,
which he alleges he assigned to Peter Hauck, trustee, to
secure an indebtedness of $1,055.04, which he owed to the
Peter Hauck Brewing Company, at a time (1913) when
such volatile transaction was not offensive to the organic
law.  He was also indebted to the same company at the time
in the sum of $14,000, evidenced by bonds and mortgages cov-
ering his property in the city of Passaic, which sum, how-
ever, he alleges formed no part of the *quid pro quo* for the
assignment.  The premises were also encumbered by prior
mortgages, totaling $56,000.  In that situation he sold his
Passaic property to Isador Obringer for the nominal con-
sideration of one dollar, subject to the total encumbrances.

The assignment was executed to Peter Hauck, trustee, on
the day the property was sold.  There was nothing in evi-
dence to evince the nature of the collateral agreement, since
the plaintiff alleged that his copy was destroyed by fire, while

the defendants could locate nothing of the character, Peter Hauck being dead, leaving the defendants as trustees under his will.

No interest has been paid on the mortgage since its assignment, and the defendants, without notice to the assignor, canceled the mortgage, but retained the accompanying bond, and the plaintiff then brought this suit in conversion, to recover the value of the mortgage. The jury found for the defendants, and, hence, this appeal.

It is urged for reversal that the learned trial court informed the jury that the burden was upon the plaintiff of proving both the value of the mortgage and the damage he suffered by the conversion. The plaintiff's claim was that the face of the mortgage was *prima facie* proof of its value. Assuming that contention to be correct, there was, nevertheless, proof that the *locus in quo,* with all the mortgages upon it, was not of the value of $59,000, and that an essential element of potential value in that day was the saloon business located thereon, but which since that period has constitutionally evaporated.

Manifestly, that situation, if the jury believed its existence, created a jury question, and the trial court was correct in leaving it to their consideration, for, in any event, the normal measure of damage in conversion is the value of the goods at the time the conversion occurs. *Ward* v. *Huff,* 94 *N. J. L.* 81; *Brink* v. *Fresoff,* 40 *Mich.* 610; *Briggs* v. *Boston, &c. (Mass.),* 6 *Allen* 246; *Johnson* v. *Lancashire Railroad,* 3 *C. P. D.* 499.

The burden of proof is generally, if not always, in logic and law upon him who advances the claim, or holds the affirmative of the issue, so that the learned trial court in that respect simply stated an axiomatic proposition. 22 *C. J.* 68, and cases cited.

The next exceptions are directed to the refusal of the court to charge as requested by plaintiff, to the effect that if the jury should find that plaintiff delivered the mortgage to Peter Hauck, as security for an indebtedness, the defendants had no legal right to cancel the mortgage without notice

to plaintiff, and without giving him a reasonable time to redeem, and that, in any circumstance, the defendants were under a duty to investigate the exact situation, and their lack of knowledge in that regard presented no defense.

Our inspection of the record satisfies us that the court substantially, if not expressly, charged to that effect, and, obviously, was not obliged to charge again to the same effect upon the same subject.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 16.

*For reversal*—None.