THE Mo. Pac. R'y Co. v. R. P. WATTS.

(Case No. 1869.)

1. NEGLIGENCE — MASTER AND SERVANT.— When an employer knows that the service to which he subjects an employee is dangerous (the service being one to which the employee is unaccustomed, and of which he is ignorant), it is his duty to inform the employee of the danger, and, if injury results from his neglect to so inform him, the employer is liable. The failure of the employee to ask for information does not vary the liability.

2. SAME.— If the servant's ignorance of the danger and of the means provided by the employer to avert it caused the injury, the servant being ignorant and uninformed of the dangers attending the service, then the employer's liability would be neither defeated nor lessened by the fact that the negligent acts of fellow-servants contributed to the injury.

3. SAME.— To the inexperienced servant entering upon a dangerous service the master owes the duty, not only of full information, but also of protection from a known danger as far as reasonably practicable. Both duties are imperative; and if a failure to perform one of them results in injury, liability cannot be avoided by showing a faithful performance of the other.

4. CHARGE OF COURT — NEGLIGENCE.— In a suit by one who, while in the employ of a railway company, received injury when engaged in the performance of the work assigned him, the court charged, in effect, that, if the plaintiff, when he entered the employment, was inexperienced in the business, and did not know of the danger to which he was subjected, and was not informed as to the course of the business, and the rules, regulations and usages under which it was conducted, and that defendant company and its employees who had control over him knew that he was so inexperienced and uninformed, and that they did not warn him, and that he was thereby subjected to a danger of which he did not know, and which he would have avoided had he been so warned, and which was not open to his observation had he made proper use of his faculties and information; and that if, under such circumstances, the injury was inflicted on plaintiff, the company would be liable. *Held*, that there was no error.

APPEAL from Anderson. Tried below before the Hon. F. A. Williams.

The case is sufficiently stated in 63 Tex., p. 549.

*John Young Gooch*, for appellant, cited: Dallas *v.* G., C. & S. F. R. R. Co., 61 Tex., 196–201; Robinson *v.* H. & T. C. R'y Co., 46 Tex., 550; Cooley on Torts, 543–545.

That the company was not bound to give instruction about the service unless it was asked, he cited: Watson *v.* H. & T. C. R'y Co., 58 Tex., 438; Wood on Master and Servant, § 326.

*R. A. Reeves & Sons*, for appellee, cited: Wood's Master and Servant, secs. 349, 353, 354; Pierce on Railroads, p. 376; Rorer on R., p. 835; Cooley on Torts, pp. 549–555, 562; Shearman & Redfield on Neg. (3d ed.), secs. 92, 93, 94.

Robertson, Associate Justice.— In this case the appellee recovered his first judgment against the appellant mainly upon the theory that the appellant was responsible for the negligent acts of its yard-master and the foreman of carpenters engaged in its repair shops. On the former appeal, reported in 63 Texas, that judgment was reversed, and the theory upon which it was sustained in the court below was repudiated. It was then held by this court that the servants named and appellee, who was one of the carpenters under the orders of the foreman, were fellow-servants. On the trial resulting in the judgment now here for revision, another theory was presented in the charge of the court, involved, but less decisively, in the first judgment. This charge authorized the jury to find for appellee if they should believe, from the evidence, that when he entered the employment of the appellant he was inexperienced in the business "and did not know of the danger to which he was subjected, and was not informed as to the course of the business and the rules, regulations and usages under which it was conducted, and that the defendant or its employees, who employed and had control over him, knew that he was so inexperienced and uninformed, and that they did not inform or warn him, and that he was thereby subjected to a danger of which he did not know, and which he would have avoided had he been so warned or instructed, and which was not open to his observation had he made proper use of his faculties and information." Under this instruction, the jury found for appellee, and the appellant complains both of the charge and the finding.

It is urged that appellant was under no legal obligation to inform appellee of the dangers of the service for which he was seeking an engagement, unless such information was expressly solicited. The master's duty to speak in such cases arises from the unfairness of silence. The master here knew that the service was dangerous, and

that the appellee in seeking it was ignorant of its character. If the appellee had known the dangers to which his new service would expose him, he might have declined the engagement entirely, or forewarned he could have added to appellant's precautions the vigilance of his own senses. Within a few moments after he was employed he was put to work between two box-cars, that were standing near together on the same track in a line of cars switched on this track to be repaired. As long as these cars were stationary there was no danger. There was nothing in the situation to advise him of the danger. The two cars he was working between had been coupled together — from this he might very well have supposed that all on the track, which were there for repairs and being repaired by different employees, were put there at the same time and would remain until all were repaired. To impose upon the servant the duty of inquiry about an unseen and unsuspected danger, in order to entitle him to information possessed by the master and known by him to be needed by the servant, is a restriction upon the rule requiring the master to inform the inexperienced servant, not warranted by its reason and not supported by authority. There was no request for such information in Walsh v. Peet Valve Co., 110 Mass., 23, or in Roberts v. Baxter, 44 Cal., 187, and no suggestion of the necessity of such request in the text-books. Wood's Master and Servant, secs. 349 and 350; Pierce on Railroads, p. 376.

If it was appellant's duty to inform appellee of the dangers of the service he was just entering upon, and if his ignorance of the danger and of the means provided by appellant to thwart it caused his injury, appellant's liability would be neither defeated nor lessened by the fact that the negligent acts of appellee's fellow-servants contributed to his injury. The duty of giving the needed information, in the qualification with which the court below gave the fourth special charge requested by appellant, was ascribed to the master. Though it should require this duty to be performed by an employee, in other respects sustaining to appellee the relation of fellow-servant, any failure to discharge it was the master's failure.

To the inexperienced servant entering upon a dangerous service the master owes the duty not only of full information, but also of protection from the known danger as far as reasonably practicable. The appellee sought recovery in this case for neglect to give the information required, and the appellant asked the court below to charge the jury that the reasonable means provided for protection would defeat the suit. The master's duty was not to do one of two things, but both, and if the failure to perform one caused injury, the liabil-

ity for it cannot be defeated by showing a faithful doing of the other. The means provided for protection from the danger of the service seem to have been quite sufficient. To those means all the other workmen engaged with appellee on the same line of cars doubtless owe their safety. Whether they had been informed of the course of business out of which arose the danger, or had been engaged in the service long enough to learn it by observation, does not appear. That they escaped injury and appellee did not, taken with all the other facts in the case, warranted the jury in believing that he owed his misfortune to appellant's neglect to advise him of the perils of his new situation, known to it, and known by it to be unknown to him. As the record requires no other order the judgment will be affirmed.

AFFIRMED.

[Opinion delivered October 16, 1885.]