E. B. HATHAWAY, Appellant, v. THE ILLINOIS CENTRAL
RAILWAY COMPANY *et al.*

**Master and Servant.** A machinist in the employ of a railroad had
authority to ask other employees to assist him on occasions when he
could not alone do some particular piece of work. On one such occa-
sion, in setting a spring, a piece of rail was used where ordinarily a
square bar was. The rail was more likely to slip. It did slip and
injure one of said helping employees. This could have been pre-
vented had wood blocks, of which there were a number in the shop,
been used as wedges. *Held,* the fact that the machinist was negli-
gent in this one instance, by failure to use the wedges, did not make
it negligence to employ him. The work was not connected with the
operation of a railroad. The machinist was not a vice principal, and
the railroad was not responsible for his negligence. It was not
necessary to tell the employees of the danger of said work, as they
knew it themselves.

*Appeal from Lyon District Court.*—HON. SCOTT M.
LADD, Judge.

TUESDAY, OCTOBER 23, 1894.

THIS action is against the Dubuque & Sioux City
and the Illinois Central Railroad Companies; the
former being the owner and lessor, and the latter the
lessee and operator, of what is known as the Illinois
Central Railroad. The action is to recover for personal
injuries sustained by the plaintiff while in the employ
of the Illinois Central Railroad Company, as engine
dispatcher, at its roundhouse at Cherokee, and while
engaged, under the direction of one Gus Wehe, another
employee, in putting a spring into one of defendants'
engines. Plaintiff alleges that he was working under
said Wehe, his superior employee, who had authority
over plaintiff, and that he was injured as stated while
assisting in putting in the spring as ordered by Wehe.
He charges that Wehe was a careless, reckless, and

incompetent employee; that he carelessly, recklessly, and negligently caused the lever being used in placing said spring to be driven from its place, by reason of which plaintiff was injured; that defendants were negligent in not providing safe and sufficient tools for said work, and in requiring plaintiff to work with the tools furnished, and in not informing him of the danger of working with said tools. In an amendment, plaintiff states wherein the tools furnished were insufficient and unsafe. Defendants answered, denying generally, and alleging contributory negligence. At the conclusion of the evidence offered by plaintiff, the defendants moved for a verdict on grounds, in substance, as follows: That the evidence is not sufficient to sustain a verdict for plaintiff; that there is no evidence of negligence in employing Wehe; there is no evidence of negligence distinct from such negligence of coemployees as may have occurred; that plaintiff was negligent; that he knew the kind of tools being used, and of the danger, and continued at the work; and that the injury did not occur in the use and operation of the railroad. The motion was sustained, the court holding as follows: "It seems to me that under the authorities cited, and the decisions of the supreme court of Iowa, Wehe was not the superior of plaintiff in the employment thereof. It also appears to me that the injury resulted from the failure of Wehe to put the wooden block in the place described by the witnesses, rather than from the use of a defective bar; and, believing that the evidence so shows, the motion of the defendants will be sustained, and the jury instructed to return a verdict for the defendants, on the ground that there is no negligence shown." Plaintiff's motion for a new trial was overruled, and judgment entered against him on the verdict, from which judgment he appeals.—*Affirmed.*

*McMillan & Dunlap* for appellant.

*J. F. Duncombe* and *J. M. Parsons* for appellees.

GIVEN, J.—I. The manner of connecting a spring, as was sought to be done in this instance, is as follows: An iron bar, about five feet long, is placed on top of the spring, one end of which is connected with the end of the spring, the other end projecting beyond the spring. A strong lever, about nine feet long, is connected with and below the projecting end of the bar so that by prying down upon it the spring is brought into position to be connected with the hanger by inserting an iron bolt. Wooden wedges or blocks are sometimes placed between the spring and the wheels to keep the bar from turning when the pressure is applied. A piece had been cut off the two-inch square steel bar previously, and on this occasion a piece of the top of a railroad rail was used— "the top of a railroad rail; the part that the wheels run on. It was somewhere about five feet long. It was cut off down where the web commences. It was rounding on both sides." No wedges were placed between the spring and the wheel. The plaintiff and two other employees were on the lever prying down, and Mr. Wehe was directing their movements and attending to inserting the iron bolt. The men having the spring sufficiently pressed down, and Mr. Wehe finding the parts not exactly in position, he inserted a small iron bar to bring them into position; and just then the piece of railroad rail on top of the spring, not being blocked or wedged, turned so as to throw the small iron bar against the plaintiff, breaking his jaw, and inflicting other injuries.

II. It is not claimed, nor could it be, on this record, that this case is within the provisions of section 1307 of the Code. Neither the employment in which the plaintiff was engaged at the time he was injured, nor the wrongs complained of, were "in any manner connected with the use and operation of any railway,"

as contemplated in said section. It is said in appellant's argument: "The plaintiff's cause of action is based: *First.* Upon the negligence of the company in placing the plaintiff under the direction and authority of a careless, reckless, and incompetent employee. *Second.* Negligence in not providing safe and sufficient tools for the plaintiff to work with. *Third.* Negligence in not informing the plaintiff of the danger of working with said insufficient and unsafe tools and appliances, and placing him in a dangerous position." There is no evidence that Gus Wehe was a reckless, careless, or incompetent person, except the circumstances of the accident. He was experienced in the kind of work to be done, and there is no evidence that the company had any reason to believe that he was careless or reckless. Conceding that he was careless and reckless on this occasion, that does not show that the company was negligent in employing him. It was the duty of the company to exercise care in the selection of its employees. As already stated, Wehe was competent, so far as skill and experience are concerned, and there is no evidence that the company employing him had any reason to believe that he would be either reckless or careless in performing his duties. Something is said about the presence of Mr. Guernsey, the foreman of all the men employed in the shops and roundhouse, for a minute or two, as the work was progressing, prior to the accident. It is not alleged, nor is there any evidence, that Mr. Guernsey was incompetent, or guilty of any negligence with respect to the means by which the work was being done. There is an entire absence of evidence to sustain the charge that the company was negligent in placing plaintiff under the direction and authority of a careless, reckless, and incompetent employee. The complaint as to the tools and appliances furnished relates entirely to the large iron bar. While it is true the bar used on this occasion was different from that formerly

used, and possibly more liable to turn when the pressure was applied, it is unquestionably true. that, had blocks been used, it could not have turned. The proximate cause of the accident was not the kind of bar used, but that it was used without blocks. The blocks required were pieces of wood about four inches thick, such as could be picked up in the roundhouse or shops at any time; hence there was no failure to furnish them. See *Potter v. Railroad Co.*, 46 Iowa, 404. There is no evidence to sustain the charge that defendants were negligent in the employment of Mr. Wehe, or in furnishing tools or appliances so unsafe and unsuitable as to have caused the accident.

III. The further claims of appellant are that Mr. Wehe was a vice principal, for whose acts the defendants are liable, and that Wehe was negligent in not informing plaintiff of the danger of working with the tools being used, in placing him in a place of danger, and in not using blocks to keep the bar from turning. Plaintiff had frequently assisted in this kind of work, was familiar with it, and knew the kind of appliances being used, the manner of their use, and the dangers attending the work. All this was not only open to his observation, but was actually observed by him. There was certainly no negligence in not informing him of that which he already knew, nor in placing him in a position, the dangers of which were as well known to him as they were to any one else. We have said that the failure to use blocks was the immediate cause of the accident; also, that there was no failure to furnish blocks, as they could be found about the shop at any time. Wehe had the direction of the work, and, while any of the employees could have picked up and placed the blocks, it was certainly the duty of Mr. Wehe to see that it was done, if blocks were necessary. There was evidence tending to show that Wehe was negligent in not causing

blocks to be used, but the question remains whether the defendants are liable for that negligence. There is no conflict in the evidence as to the nature of Wehe's employment and duties. He was a machinist, and was employed to make such repairs on engines as were made in the roundhouse. He had no men assisting him, or under his direction, except as he occasionally called upon plaintiff and certain other employees to aid in work that he could not do alone, such as taking out and putting in springs. Plaintiff and said other employees were ordered by their superior, the foreman of the shops and roundhouse, to assist Mr. Wehe, when called upon by him. Plaintiff and these other employees worked under Mr. Wehe's direction only when occasionally assisting him in work that he could not do alone. At all other times their employment was independent of Wehe, and not under his direction. It was only when occasionally assisting him, and as to the particular work then being done, that he had any authority to direct or control the plaintiff or said other employees. They were not employed by him, nor were they subject to be discharged by him. The mere fact that Mr. Wehe had such occasional authority over these employees did not make him a vice principal, nor their superior, so as to charge the defendants with his negligence. Notwithstanding this authority, they were co-employees. See *Peterson v. Mining Co.*, 50 Iowa, 673; *Foley v. Railway Co.*, 64 Iowa, 650, 21 N. W. Rep. 124; *Benn v. Null*, 65 Iowa, 407, 21 N. W. Rep. 700; *Baldwin v. Railroad Co.*, 68 Iowa, 37, 25 N. W. Rep. 918.

IV. Counsel have discussed at some length the question whether plaintiff, knowing of the kind of appliances being used, waived these causes of complaint by continuing at the work as he did. As, for the reasons already stated, the judgment of the district court must be affirmed, we need not consider this contention. AFFIRMED.