OMAHA BOTTLING COMPANY V. MICHAEL THEILER, JR.

FILED NOVEMBER 9, 1899.     No. 9,011.

1. Pleading: AMENDMENT AFTER VERDICT: NEGLIGENCE. In an action for an injury resulting from alleged negligence of the defendant in failing to furnish suitable and safe machinery and appliances,

it is improper, after verdict, to permit plaintiff to amend his petition by alleging a distinct actionable wrong, unless the essential facts of the amendment were fairly contested at the trial and submitted to the jury under proper instructions.

2. ———: ———: INSTRUCTIONS. A defendant is entitled to have the jury instructed that the plaintiff must establish his case by a preponderance of the proof, and he cannot be deprived of this right by an amendment of the petition after trial and verdict.

3. **Infants:** RISKS OF EMPLOYMENT. Infants, like adults, assume the ordinary risks of the service in which they engage.

4. ———: ———: WARNING OF DANGER. But an infant engaging in a hazardous employment is entitled to warning of dangers which, on account of youth and inexperience, he does not fully comprehend.

5. **Master and Servant:** INJURY TO INFANT: LIABILITY OF EMPLOYER. A master is liable to an infant who has been injured in his service in consequence of being exposed to a danger which, on account of his youth and want of experience, he did not fully understand and appreciate.

6. ———: ———: ———. But if the infant, from the length and character of his previous service, was familiar with the dangers of the employment, he can not recover.

7. ———: MACHINERY AND APPLIANCES: NEGLIGENCE. It is not negligence for a master, in the conduct of his business, to use such machinery and appliances as are in common and general use.

8. ———: ———: PERSONAL INJURIES. And if a servant, conscious of the risks and dangers incident to a business conducted with such machinery and appliances, sustains an injury, he can not recover therefor.

9. ———: RISKS OF EMPLOYMENT. A servant who, from the length or character of previous service or experience, may be presumed to know the ordinary hazards attending the proper conduct of a certain business, is not entitled, as an absolute right, to the same or similar notice of dangers incident to the employment as if he were ignorant of, or inexperienced in, the particular work.

10. ———: PERSONAL INJURIES: RECOVERY BY SERVANT. Evidence examined and found not to sustain the verdict.

ERROR from the district court of Douglas county. Tried below before SLABAUGH, J. *Reversed.*

See opinion for statement of the case.

*Albert S. Ritchie*, for plaintiff in error:

Plaintiff, after verdict, was erroneously permitted to amend his petition in matter of substance. See *Louisville, N. A. & C. R. Co. v. Renicker*, 35 N. E. Rep. [Ind.], 1047; *Omaha & R. V. R. Co. v. Wright*, 47 Nebr., 886; *Dillon v. Starin*, 4 Nebr., 881; *Omaha Consolidated Vinegar Co. v. Burns*, 44 Nebr., 21; *Traver v. Shaefle*, 33 Nebr., 531; *Chicago, B. & Q. R. Co. v. Grablin*, 38 Nebr., 90; *Anderson v. Oscamp*, 35 N. E. Rep. [Ind.], 707; *Newman v. Perrill*, 73 Ind., 153; *Bigelow v. Danielsons*, 78 N. W. Rep. [Wis.], 601; *McCarthy v. Mulgrew*, 77 N. W. Rep. [Ia.], 527; *Taylor v. Johnson*, 113 Ind., 164; *Reed v. Browning*, 130 Ind., 575; *McMillen v. Terrell*, 23 Ind., 163; *Lee v. Smart*, 45 Nebr., 318; *Lehman v. Van Nostrand*, 42 N. E. Rep. [Mass.], 1125; *Omaha S. R. Co. v. Leigh*, 49 Nebr., 782; *Kilpatrick v. Richardson*, 40 Nebr., 478.

The rule that a servant assumes the risks of his employment applies to a minor, and a minor's want of knowledge of danger, when relied upon, must be alleged and proved. See *Herold v. Pfister*, 66 N. W. Rep. [Wis.], 355; *Ciriack v. Merchants Woolen Co.*, 146 Mass., 182; *McGinnis v. Canada Southern Bridge Co.*, 49 Mich., 466; *DeGraff v. New York C. & H. R. R. Co.*, 76 N. Y., 132; *Buckley v. Gutta Percha & Rubber Mfg. Co.*, 113 N. Y., 540; *Stewart v. Patrick*, 30 N. E. Rep. [Ind.], 814; *Atlas Engine Works v. Randall*, 100 Ind., 293; *Pittsburgh, C. & S. L. R. Co. v. Adams*, 105 Ind., 151; *Hickey v. Taaffe*, 105 N. Y., 26; *Sjogren v. Hall*, 53 Mich., 274; *Anderson v. Morrison*, 22 Minn., 274; *Fones v. Phillips*, 39 Ark., 17; *Pratt v. Prouty*, 153 Mass., 334.

Defendant exercised ordinary care in adapting the machine. It was like those generally used by others engaged in the same business, and therefore defendant is not liable in damages for plaintiff's injury. See *Northern Central R. Co. v. Husson*, 101 Pa. St., 1; *Iron-Ship Building Works v. Nuttall*, 119 Pa. St., 149; *Titus v. Bradford, B. & K. R. Co.*, 136 Pa. St., 618; *Washington & G. R. Co. v.*

*McDade*, 135 U. S., 574; *"The Maharajah,"* 40 Fed. Rep., 784; *Lafflin v. Buffalo & S. W. R. Co.*, 106 N. Y., 136; *Georgia P. R. Co. v. Propst*, 83 Ala., 526; *Kelly v. Southern M. R. Co.*, 28 Minn., 99; *Louisville & N. R. Co. v. Hall*, 87 Ala., 722; *Kolsti v. Minneapolis & S. L. R. Co.*, 32 Minn., 134; *Michigan C. R. Co. v. Coleman*, 28 Mich., 448; *Daley v. Armstrong Printing Co.*, 152 Mass., 581; *Dingley v. Star Knitting Co.*, 134 N. Y., 555; *Goodnow v. Walpole Emery Mills*, 146 Mass., 261; *Bohn v. Chicago, R. I. & P. R. Co.*, 106 Mo., 429; *Ross v. Pearson Cordage Co.*, 41 N. E. Rep. [Mass.], 284; *Schroeder v. Michigan Car Co.*, 56 Mich., 132. . Failure to furnish a cover, shield or safer device is not negligence. See *Mackin v. Alaska Refrigerator Co.*, 58 N. W. Rep. [Mich.], 999; *Iron-Ship Building Works v. Nuttall*, 119 Pa. St., 149; *Ciriack v. Merchants Woolen Co.*, 146 Mass., 182; *Casey v. Chicago, St. P., M. & O. R. Co.*, 62 N. W. Rep. [Wis.], 624; *Sweeney v. Berlin & Jones Envelope Co.*, 101 N. Y., 520; *Levy v. Bigelow*, 34 N. E. Rep. [Ind.], 13; *Carroll v. Williston*, 44 Minn., 287; *Graver v. Christian*, 36 Minn., 414; *Missouri P. R. Co. v. Lewis*, 24 Nebr., 848.

Where there is evidence tending to support the theory of a party, the case should be submitted on his theory as well as upon that of his opponent. See *Shroeder v. Flint & P. M. R. Co.*, 61 N. W. Rep. [Mich.], 667; *Wildey v. Crane*, 69 Mich., 17; *Miller v. Miller*, 97 Mich., 151; *Babbitt v. Bumpus*, 73 Mich., 331.

*T. J. Mahoney, contra:*

There was no error in permitting the amendment. See *Missouri P. R. Co. v. Baxter*, 42 Nebr., 793; *Hedges v. Roach*, 16 Nebr., 676; *Catron v. Shepherd*, 8 Nebr., 318; *Evarts v. Smucker*, 19 Nebr., 43; *Homan v. Steele*, 18 Nebr., 652; *Brown v. Rogers*, 20 Nebr., 547; *Roberts v. Taylor*, 19 Nebr., 189; *McKeighan v. Hopkins*, 19 Nebr., 34; *Carmichael v. Dolen*, 25 Nebr., 338; *Klosterman v. Olcott*, 25 Nebr., 390; *Anglo-American Land, Mortgage & Agency Co. v. Brohman*, 33 Nebr., 409; *Omaha & R. V. R. Co. v. Moschel*, 38 Nebr., 281.

· SULLIVAN, J.

Michael Theiler, a minor, brought this action in the district court to recover damages of the Omaha Bottling Company on account of an injury to his right eye resulting from the explosion of a bottle filled with carbonated cider. The plaintiff, when injured, was in the service of the defendant, a corporation engaged in the business of manufacturing · soda water, mineral waters, "patent cider," and other aerated beverages. He was about twenty years of age at the time of the accident, and had worked for the company in its bottling department during the greater portion of the five preceding years. In 1894 he had charge and supervision of the business for nearly nine months. In 1895,.after being out of defendant's service for a short time, he was employed as an ordinary hand, and was injured while bottling cider charged with carbonic acid gas under a pressure of eighty pounds to the square inch. In the original petition it was alleged as negligence that the defendant had failed to provide a suitable screen for the bottles which were being filled at the time of the explosion. After the verdict was returned the following amendment was added by leave of court: "That at said time plaintiff was inexperienced in the work of bottling said drink, and was uninstructed therein; that he was at said time using the appliances furnished by defendant in obedience to the requirements of defendant, and did not know, or have means of knowledge, of any danger in using said appliances, but believed the same reasonably safe, though as a matter of fact they were not, as defendant well knew." The action of the court in admitting this amendment by the postern gate was unwarranted and can not be sustained. The case was submitted to the jury on the theory that the failure of the defendant to furnish the plaintiff with a proper screen for the cider bottles might, under the circumstances disclosed. at the trial, constitute actionable negligence. The jury were, in sub-

stance, instructed that, unless contributory negligence was shown, they might find for the plaintiff, if the alleged negligence was established by a preponderance of the evidence. Was this instruction correct when considered with reference to the negligence charged in the amendment? Clearly not. The evidence bearing upon the question of contributory negligence was relevant, of course, to the matters stated in the amendment, and must have been considered by the jury in reaching their verdict; but the right to recover was not made to depend upon preponderant proof of any such matters. To make the amended petition the basis of the verdict would be to permit a recovery under instructions declaring, in effect, that all the essential facts of plaintiff's case need not be proved by the greater weight of the evidence. The general rule is that infants, like adults, assume the ordinary risks of the service in which they engage. They are entitled, however, to warning of dangers which, on account of their youth and inexperience, they do not fully comprehend; and if such warning be not given, or if it be inadequate, the master is in fault and must answer for the consequence. But whether the plaintiff in this case, by reason of his youth or lack of experience, was ignorant of the danger to which he was exposed— whether the liability of cider bottles to explode under high pressure was as to him a secret and hidden peril— was for the jury to determine from the evidence, and, in accordance with the general rule, the burden of proving the fact was upon the party asserting it. See *Sullivan v. India Mfg. Co.*, 113 Mass., 396; *Chicago Anderson P. B. Co. v. Reinneiger*, 140 Ill., 334. The court, therefore, was not within the limits of judicial discretion in permitting the petition to be amended, and its order in the premises, being prejudicial to defendant's rights, is sufficient to require a reversal of the judgment.

Having shown that the verdict can not properly rest on the facts introduced into the petition after the trial, we will now inquire whether the material averments of

the original pleading are supported by adequate proof. The evidence shows conclusively that screens for cider bottles were not in general use in factories like that of the defendant; that such bottles were expected to stand a pressure of 100 pounds, and were considered entirely safe at a pressure not exceeding seventy-five pounds. The regular course of the business was to do the work with pressure ranging from forty to sixty pounds. The accident resulting in plaintiff's injury occurred when the gauge indicated a pressure of eighty pounds. This was an extraordinary condition. It was a condition which does not seem to have. been anticipated, and one which would not have existed but for the negligence of the person whose duty it was to regulate the pressure. It would seem, therefore, that the proximate cause of the accident, the cause to which Theiler's misfortune is naturally and primarily referable, was the failure to properly regulate the pressure, and not the failure to provide a 'screen, which under ordinary conditions could serve no useful purpose. The measure of defendant's duty to its servants was the care required by the usual and ordinary usage of the business. The standard of due care is the conduct of the average prudent man. The appliances of the company were those in common and general use. Handled with ordinary care they were not dangerous. This being indisputably established, it follows that the negligence alleged in the original petition is without any foothold whatever in the proof. See *Chicago, R. I. & P. Co. v. Lonergan,* 118 Ill., 41; *Shadford v. Ann Arbor St. R. Co.,* 111 Mich., 390; *Sisco v. Lehigh & H. R. Co.,* 145 N. Y., 296; *Titus v. Bradford, B. & H. R. Co.,* 136 Pa. St., 618, 20 Am. St. Rep., 944; *Hosic v. Chicago, R. I. & P. R. Co.,* 75 Ia., 683; *Hagan v. Chicago, D. & C. C. T. J. R. Co.,* 86 Mich., 615.

There is another reason why the plaintiff is not entitled to recovery. The duty to warn him of latent dangers, if any there were, was not an absolute one. The defendant was only required to do what a prudent mas-

ter naturally would do under like circumstances. See *Thain v. Old Colony R. Co.*, 37 N. E. Rep., 309, 161 Mass., 353; *Bohn Mfg. Co. v. Erickson*, 55 Fed. Rep., 943. The danger that cider bottles would explode while being filled was not, to say the least, one obviously beyond the comprehension of a boy of average intelligence, nineteen or twenty years old, who had worked at the business for years, and had recently been charged with the control and supervision of the bottling department of defendant's establishment. It would, indeed, be an exceptionally prudent and cautious master who would deem it necessary to give cautionary instructions to his servant in such a case. The plaintiff knew how the bottling business was conducted. He knew soda water and mineral water bottles would explode occasionally under an ordinary pressure; and it is scarcely possible that he was ignorant of the fact that cider bottles would also explode under high pressure. That he was ignorant of the hazards of the business we can not believe; and to hold that the defendant should have warned him of such hazards would, in view of the circumstances, be requiring it to conform its conduct to an unreasonable standard of care. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.