FERGUSON *v.* PHOENIX COTTON MILLS.

(*Nashville.* January 12, 1901.)

1. MASTER AND SERVANT. *Master not required to warn servant of obvious danger.*

    The rule is that if the danger is obvious, and the servant has sufficient discretion and opportunity to avoid it, the master cannot be held for injury to the servant, although he did not warn him of the danger. (*Post, p. 239.*)

    Case cited: Brown *v.* Electric Ry., 101 Tenn., 255.

2. SAME. *Master not required to prove servant's knowledge of obvious danger.*

    The burden is not upon the master to prove that the servant had actual knowledge of an obvious defect or danger. Knowledge is imputed to the servant in such case. (*Post, pp. 239, 240.*)

    Case cited: Brown *v.* Electric Ry., 101 Tenn., 255.

3. SAME. *Servant required to exercise reasonable care and diligence.*

    If the servant might have averted injury by the exercise of reasonable care and diligence, the master is not liable. (*Post, p. 240.*)

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. JOHN W. CHILDRESS, J.

E. S. ASHCRAFT for Ferguson.

STITH M. CAIN for Phœnix Cotton Mills.

Ferguson *v.* Phœnix Cotton Mills.

WILKES, J. This is an action for damages for personal injuries. The plaintiff was employed as a laborer in the defendant mills. It was one of his duties to remove wet cotton packed in a large box placed on a four-wheeled truck, from one kettle or vat to another, the distance being some fifty feet. He alleges that through defective construction of the floor, and the presence of a hole in it, he was injured by one of the wheels of the truck falling into the hole. The plaintiff, with another, tried to lift the truck out of the hole, and his contention is that he was ruptured either by the strain of lifting or by coming in contact with the bed of the box while pushing it on the truck, when it fell into the hole, he being behind it.

The plaintiff had been at work in the mill for only five days; he had been given no notice or warning concerning the hole by any one connected with the factory, and had never lifted one of the boxes, and did not know its weight. The hole was not in the direct line the trucks were usually moved, but to one side, caused by warp boxes standing in the direct line, as was frequently the case, while the mill was in operation. At the point where the trucks were rolled around the warp boxes there were pulleys and belts overhead, which would require some care to be used by a person passing under them. The holes in the floor were necessary for drainage.

There was a verdict for the defendant, and the plaintiff has appealed and assigned errors.

The first four errors are that the Court failed to charge certain specific requests. These requests are not set out in the bill of exceptions. It appears that they were intended to be set out, and blank space appears in the transcript for them, but they are not inserted or copied. They are, however, inserted in the motion for a new trial, and the requests present virtually the same features of objection as are made to the charge itself.

The first assignment is specifically that the plaintiff was not cautioned as to the danger of this hole in the floor.

The second is that it was not stated to the jury that the burden of the proof was on the defendant to show that plaintiff had knowledge of the hole.

The third is that it was error not to charge that the duty of inspection was greater in the case of the master than of the (plaintiff) servant.

The fourth is that if the defect was patent, still if the plaintiff was inexperienced, it was the duty of the defendant to instruct and warn him.

The sixth assignment complaining of error in the charges given embraces the same feature of the duty to instruct an inexperienced employee.

The seventh assignment complains that it was error to say that if the hole could have been seen or known of by the plaintiff by the exercise of ordinary care and prudence on his part, then there would be no liability.

The eighth is as to the charge of the Court that the plaintiff must use ordinary diligence and be reasonably vigilant.

These assignments. may all be grouped and treated together. There is no allegation that plaintiff did not have ordinary intelligence. We think from this record that if there was any defect that was dangerous, which is very doubtful, it was patent and obvious. The rule is that if the danger is obvious, and the servant has sufficient discretion and opportunity to see and avoid it, the master cannot be held for any injury to the servant, although he did not warn him of the danger. Woods' Law of Master and Servant, Sec. 349; *Brown* v. *Electric Railway Co.,* 101 Tenn., 255.

It was not incumbent on the defendant to prove that the plaintiff had knowledge of a defect which was plain and obvious, nor was it incumbent upon the defendant to prove the condition when it was obvious. It does not require experience to see a hole in the floor, and as these were necessary for the drainage of the floor, it was one of the risks that plaintiff assumed, and was so simple and obvious that experience

was not an element to be considered in determining the question of liability, nor was it such as was incumbent on the defendant to instruct about. Bigelow on Torts, pages 331, 332; *Brown* v. *Electric Railway,* 17 Pick., 255.

So, also, the rule is well settled that if an accident and injury might have been prevented by the use of reasonable care and diligence, there is no ground of liability. Woods' Law of Master and Servant, Sec. 328.

If the wheel of the truck had gone into the hole, and it was the duty of the employee to lift it out, then he cannot hold the master liable for overexerting and straining himself. He is the best judge of his own lifting capacity, and the risk is upon him not to overtax it. If it was not his duty to lift the truck out, and he did it without an order from his employer, the latter would not be liable. Hale on Torts, page 516; *Knox* v. *Pioneer Coal Co.,* 90 Tenn., 547.

There is no assignment that there is no evidence to support the verdict. Such an assignment would not hold good, as there is grave doubt whether the plaintiff was injured by the accident or whether his trouble was not caused by other things, or constitutional. In argument it was stated that the light at the place of the accident was not good, and that the plaintiff in his stooping posture under the pulleys overhead could not protect himself properly against the hole, but these

Ferguson *v.* Phœnix Cotton Mills.

are exceptions which would properly be raised under an assignment of no evidence to support the verdict. Besides, we do not think they are supported by the record.

There is no error in the judgment of the Court below, and it is affirmed with costs.