STORRS *v.* MICHIGAN STARCH CO.

INJURY TO EMPLOYÉ—ASSUMPTION OF RISK.

An adult employé in a starch factory, who, in the course of his employment, was required to step over an open conveyor containing a revolving screw, assumed the risk of contact with the screw from slipping on pulp accumulating on the floor, and cannot recover for an injury so received.

Error to Grand Traverse; Mayne, J. Submitted April 17, 1901. Decided May 21, 1901.

Case by Addison E. Storrs against the Michigan Starch Company for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*W. H. Foster,* for appellant.

*Parm. C. Gilbert (Harry E. Hooker,* of counsel), for appellee.

MOORE, J. Plaintiff, while at work for defendant, was injured by coming in contact with some of its machinery. For these injuries he sued the defendant, and recovered a judgment. The case is brought here by writ of error.

According to the testimony of plaintiff, he was 22 years of age when he received his injuries. For seven years he had worked in a basket factory, making baskets upon a form. There was some machinery in this factory, but plaintiff says he did not work in that part of the building where the machinery was. He also worked about three weeks in a sawmill, carrying slabs from a slitting saw. He worked for defendant about a month, first on the second floor and then on the first floor, before he was put to the employment where he received his hurt. He disclaimed upon the trial any knowledge of machinery. Two or three days before he was hurt, he was put in charge of six shakers, and that portion of a conveyor which they supplied. These shakers were sieves having an inclination of about three inches. They were separated by an alley between them. A continuous supply through slides came to them, at the upper side, of ground potato pulp. The supply was regulated by opening or shutting the slides. A quick motion was imparted to these sieves, and the starchy part of the potatoes passed through the sieves, while the more solid portions of the potatoes passed over the surface of the sieves or shakers, and dropped from the lower edge thereof into a long square box, called a "conveyor," the open upper side of which was a little lower

than the lowest portion of the sieves. This was a long box running in front of all the shakers. It was about seven inches wide, and running the entire length of it was a spiral conveyor or screw, which revolved; and, as a result of its revolutions, the pulp which fell into the box was conveyed to a tank at the end of the conveyor. To prevent the pulp from clogging on the sieves, and to facilitate the separation of the starch from the mass, it was necessary for the operator to thump upon the sieves, and also to throw, by means of a hose, water upon them. There was also a tendency on the part of the pulp, after it reached the conveyor, to clog, and then accumulate and run over the box upon the floor. This tendency was remedied by also throwing water, by means of the hose, upon the pulp in the conveyor.

The plaintiff says the top of the conveyor was but 13 or 14 inches from the floor. The man who planned and constructed it testifies it was 17 inches from the floor. The top of the revolving screw was a little ways below the top of the box. To pass from one of the alleys between the shakers to another, it was necessary for the workman to step over the conveyor. Upon the morning plaintiff was hired, the foreman went with him to the place where he was to work, and showed him how to do the work, passing from one shaker to the other, and stepping over the conveyor as he did so, showing him in detail how the work was done. It was part of the work of the plaintiff to clear the floor. The second or third day after he was set at work, the plaintiff claims that, without fault of his, a good deal of pulp had accumulated upon the floor; that he was washing the sieves with the hose, and had occasion to step over the conveyor; that, as he got his foot part way over, owing to the slippery condition of the floor he slipped, his foot dropped into the open top of the conveyor, and was caught by the revolving screw and badly hurt. The only other person who saw the accident testified that, while using the hose, the plaintiff, with his back to the conveyor, and without looking around, attempted to step over it, and

did not step far enough, but put the toe of his foot into the open top, when it was caught by the revolving screw.

Many errors are assigned, but the one chiefly relied upon is that, taking plaintiff's own version of the situation, a verdict should have been directed in favor of defendant. Before proceeding with that contention, we desire to speak of the claim of counsel in the brief of plaintiff that the record does not contain all the testimony, and therefore the verdict should be affirmed; citing *Van Werden* v. *Winslow*, 117 Mich. 564 (76 N. W. 87). The counsel have evidently overlooked the statement in the certificate of the circuit judge "that the foregoing is all the evidence given in the case covering or in relation to the matters assigned as error."

It is the claim of plaintiff: That "the uncovered and unguarded screw-shaped conveyor was located where plaintiff must step over it when performing his duties. No word of caution was given to plaintiff by defendant with reference to this conveyor, or informing him of the fact that the floor would become wet and slippery and covered with potato pulp." That "it was a question for the jury whether the defendant was not negligent in failing to guard the screw-shaped conveyor, and in failing to notify plaintiff of the danger arising from the slippery floor." That "the case of *King* v. *Lumber Co.*, 93 Mich. 183 (53 N. W. 10), is a parallel to the one at bar, and that the citation of further authority is unnecessary."

An examination of the case cited will show it is entirely unlike the one at issue here. The plaintiff was shown about his work before he commenced to do it. He knew he must step over the conveyor,—a task not at all difficult to do. To say of him that he did not know he was likely to get hurt if he put his foot into a box in which there was a revolving screw is not to attribute to him a very high degree of intelligence; nor can we believe it possible that a person of his age and experience did not know that the starchy, wet pulp of the potatoes upon the floor would make it slippery. It is difficult to understand how he

would have had any more knowledge upon those subjects if he had been told, than his own observation would have given him. The conditions surrounding him were not at all complicated. They were as open to his observation as to anybody. If, under the circumstances of this case, a liability attaches, an employer does, indeed, become an insurer of the employé. See *Swoboda* v. *Ward*, 40 Mich. 423; *Hutchins* v. *Wagon Co.*, 61 Mich. 252 (28 N. W. 85); *Balle* v. *Leather Co.*, 73 Mich. 158 (41 N. W. 216); *Fisher* v. *Railway Co.*, 77 Mich. 546 (43 N. W. 926); *Willis* v. *Besser-Churchill Co.*, *ante*, 659 (86 N. W. 133), and cases there cited. The court should have directed a verdict in favor of defendant.

Judgment is reversed. No new trial.

Long and Grant, JJ., concurred. Montgomery, C. J., and Hooker, J., did not sit.