# OLAF STENVOG v. MINNESOTA TRANSFER RAILWAY COMPANY.[1]

June 18, 1909.

Nos. 16,132—(103).

**Servant Assumed Risk.**

 Plaintiff, directed to assist in loading heavy rails on to a car, complained that the work had proved too heavy for him. The master gave no heed to the complaint, but had him go on. As he was lifting one of the heavier rails, he sprained his back. It is *held* that plaintiff was the best judge of his own lifting capacity, and that the risk was upon him not to overtax himself.

**Case Followed.**

 As to any assurance by the master, the case is controlled by Manore v. Kilgore-Peteler Co., 107 Minn. 347, 120 N. W. 340.

Action in the district court for Hennepin county to recover $3,000 for personal injuries. The case was tried before Simpson, J., who dismissed the action after the opening statement of plaintiff's counsel. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Ludvig Arctander,* for appellant.

*W. H. Norris* and *F. W. Root,* for respondent.

JAGGARD, J.

Plaintiff and appellant was engaged exclusively in trucking goods in defendant's warehouse. Defendant took plaintiff from this work, for which he was especially employed, and directed him to assist another of defendant's employees in loading heavy switch rails into a box car standing in defendant's yards. After plaintiff had been at this work for about thirty minutes, he found that it became too heavy for him, and he complained to the foreman, that he could not do the work, because it was too heavy for him. The foreman, however, gave no heed to his complaint, but had him go on, until, as he was lifting one of the heavier rails, he sprained his back, in consequence whereof

[1] Reported in 121 N. W. 903.

he was obliged then and there to discontinue the work at hand, and quit his job, and submit to medical treatment. These facts appeared in the complaint and in the opening statement of plaintiff's counsel to the jury. Thereupon defendant moved for a dismissal. The court granted the motion. This appeal was taken from the order denying plaintiff's motion for a new trial.

The conclusion of the learned trial judge was correct. "I think," the court said, "there is no principle of law that makes the master the guarantor of the sufficiency of a man's muscles, so that if a man is set to do work that is too hard for him to do, and in the attempt to do it he overtires himself or overuses his muscles voluntarily, he can recover." The authorities fully sustain this position.

In Worlds v. Georgia, 99 Ga. 283, 25 S. E. 646, the plaintiff was directed to lift and carry a cross-tie. He complained that the ties were too heavy for him. None the less he was directed to "tote them." In an action brought for consequent injury, it was held that the servant was bound to take notice of the ordinary and familiar laws of nature applicable to the subject to which his employment relates, and if he fails to do this, and in consequence is injured, the injury is attributable to the risks of the employment, and the master is not liable. So in Ferguson v. Phoenix, 106 Tenn. 236, 61 S. W. 53, plaintiff was ruptured while attempting to lift a truck wheel out of a drainage hole. It was held that he "is the best judge of his own lifting capacity, and the risk is upon him not to overtax it."

Defendant has urged the principle that "a servant is not called upon to set up his own unaided judgment against that of his superiors; and he may rely upon their advice and still more upon their orders, notwithstanding many misgivings of his own." 1 Shear. S. & R., Neg. § 186. From this point of view the case is controlled by Manore v. Kilgore-Peteler Co., 107 Minn. 347, 120 N. W. 340. There plaintiff complained to the master of the insufficient number of fellow servants engaged in unloading a car. There, as here, the master gave no assurance of safety, and said nothing likely to mislead plaintiff or to misrepresent the situation; and the plaintiff knew the danger and in law appreciated the risk. In this view of the case, it is unnecessary to discuss other considerations urged by plaintiff.

Affirmed.