[L. A. No. 3714.   Department Two.—November 9, 1916.]

MAX BURIAN, an Infant, by ADELE TUSCHI, his Guardian, Appellant, v. LOS ANGELES CAFE COMPANY (a Corporation), Respondent.

NEGLIGENCE—EMPLOYER AND EMPLOYEE—ROSEBERRY ACT.—An employee who is injured while engaged in a task not within the legitimate range of his duties, but one the performance of which was imposed upon him by his employer under circumstances moving him to undertake it, is entitled, in an action against the employer, to invoke the remedial provisions of the Roseberry Act (Stats. 1911, p. 796).

ID.—INJURY IN COURSE OF EMPLOYMENT.—The provision of that act limiting its protection to an employee who shall sustain injury "while engaged in the line of his duty or the course of his employment as such," means no more than to deny the right to invoke the act to one who, during the hours of his employment, is engaged in some undertaking which is not a part of his duty under his employment, as where an employee is occupied in affairs of his own, or as where he undertakes to do something not within the course of his duty, and thus becomes a mere volunteer.

ID.—WAITER IN RESTAURANT—CARRYING HEAVY BOX.—One employed as a waiter in a restaurant, who, by direction of his employer, undertook to carry a heavy box of knives from the restaurant to a mercantile establishment, and was injured while so doing, was engaged in the line of his duty in performing such task, and was injured in the course of his employment.

ID.—ASSUMPTION OF RISK—NEGLIGENCE OF EMPLOYER.—The assumption of a risk by an employee necessarily presupposes a failure upon the part of the employer to perform some duty which he owes to the

CLXXIII Cal.—40

employee. It presupposes, and to be of avail must be based on, the negligence of the employer.

ID.—MINOR EMPLOYEE—CARRYING HEAVY BOX—OVERTAXING STRENGTH.— An employer is not chargeable with negligence to a minor employed as a waiter, in requesting him to carry a box weighing about 150 pounds without giving him assistance, or without warning him of the danger of attempting so to do, and is not liable for injuries to the employee resulting from straining himself in carrying the box.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Olin Wellborn, Jr., and Alfred H. McAdoo, for Appellant.

Davis & Rush, for Respondent.

HENSHAW, J.—Plaintiff by his guardian *ad litem,* sued defendant to recover damages for injuries which he sustained while in defendant's employ. He charged that he was a waiter in the Bristol Cafe in Los Angeles, owned and operated by defendant. As such waiter he was earning, and was capable of earning, two hundred dollars a month. He was directed by his employer to carry a box containing silver dinner knives to a mercantile establishment known as Hamburger's. The package weighed about 150 pounds. The taking and carrying of this box from the Bristol Cafe to Hamburger's "was outside of the scope of the employment of plaintiff, but that plaintiff did not refuse to obey such order and direction for fear of losing his said position as a waiter in the employ of defendant; that plaintiff was wholly inexperienced in the carrying of heavy weights, and while apprehensive as to his ability to carry safely the said box and its contents, nevertheless obeyed said negligent order given by defendant as above set forth. Plaintiff further alleges that defendant's officers, agents, and servants negligently failed to warn plaintiff of the danger or of any danger in carrying or attempting to carry the said box and its contents." While so carrying this box, by reason of its great weight, plaintiff's left knee gave way under it and was dislocated. As a result of this injury plaintiff "has and will have for the balance of his life a permanently weakened right

knee and right knee joint." It has "wholly incapacitated him from engaging in his said business or trade of waiter and from engaging in any trade or business that would require the carrying by him of objects of much weight." Plaintiff was a minor "inexperienced in the carrying of heavy weights," and defendant was negligent in failing to warn him of the danger attendant upon carrying this box, and in failing to furnish him "adequate or any help or assistance in the carrying of said box."

To this complaint a general demurrer was interposed and sustained. Upon behalf of plaintiff it was in his argument stated that the action is based on the negligence or want of ordinary care of the employer, and that notwithstanding that the employee, under the directions of the employer, undertook to carry the box, there is not open to the employer the defense of the assumption of risk, by virtue of section 1 of the Roseberry Act which was then in force. (Stats. 1911, p. 796.) That statute declares in terms that where a recovery is sought "upon the ground of want of ordinary or reasonable care of the employer . . . it shall not be a defense (1) that the employee either expressly or impliedly assumed the risk of the hazard complained of." The trial court in sustaining the demurrer adopted and expressed the view that plaintiff, by his own complaint, put himself without the protection of this act, the court's reasoning here adopted by respondent being that the act applies only to an employee "while engaged in the line of his duty or the course of his employment as such," and that the complaint herein explicitly and repeatedly declares that the task upon which appellant was engaged at the time that he met with injury "was outside of the scope of the employment of plaintiff"; consequently that plaintiff having pleaded that he was employed as a waiter, and having pleaded that he met with injury in the performance of a task outside of that employment, he had debarred himself from the protection of the act. In this, however, the court adopted too narrow a view. Pleadings are no longer to be strictly construed against the pleader, but are to be liberally construed with a view to promoting justice. (Code Civ. Proc., sec. 452.) Manifestly what the pleader meant to declare was that he was set to a task not within the legitimate range of his duties as a waiter, but still a task the performance of which was imposed upon him by

his employer under circumstances moving him to the undertaking of it.  Nor yet does the Roseberry Act by its language deny the right to invoke its remedial provisions under such a state of facts.  When that act limits its protection to an employee who shall sustain injury "while engaged in the line of his duty or the course of his employment as such," it means no more than to deny the right to invoke the act to one who, during the hours of his employment, is engaged in some undertaking which is not a part of his duty under his employment, as where an employee is occupied in affairs of his own, or as where he undertakes to do something not within the course of his duty, and thus becomes a mere volunteer.  Such cases are numerous and of varied character.  It is sufficient to cite *Georgia Pac. Ry. Co.* v. *Propst,* 85 Ala. 203, [4 South. 711] ; *Southern Ry. Co.* v. *Guyton,* 122 Ala. 231, [25 South. 34] ; *Mellor* v. *Merchants' Mfg. Co.,* 150 Mass. 362, [5 L. R. A. 792, 23 N. E. 100].  Therefore we hold that notwithstanding the task which appellant was called upon to perform was outside of the duties of his vocation and employment as a waiter, nevertheless in performing it he was engaged in the line of his duty and was injured in the course of his employment.

This, however, but brings us to the fundamental question in the case.  The assumption of a risk necessarily presupposes a failure upon the part of the employer to perform some duty which he owes to his employee.  In other words, it presupposes, and to be of avail must be based on, the negligence of the employer.  For it is not every risk against injury arising from which the employer is liable to his employee. Every human being lives under ceaseless risk, under perpetual peril to life and limb.  Accidents of astounding character are ever occurring.  It is not against all of these that an employer is an insurer of his employee.  Many of them form in no' real sense a risk of the employment.  To render an employer liable for the resultant injury occasioned by any one of them, he must have failed in some duty to the employee.  This is indicated by the language of the Roseberry Act where provisions are applicable to cases charging the employer with "want of ordinary or reasonable care." If he has not so failed the injury falls into one of two categories, for neither class of which is the employer responsible. The injury will have resulted either from the fault of the

employee alone, or will have been the result of inevitable casualty arising through no fault of either employer or employee.

The negligence here charged consists of this: That the employer asked this minor to carry a box weighing about 150 pounds, without giving him assistance, or without warning him of the danger of attempting so to do. If this is a sufficient charge of negligence the demurrer was improperly sustained. If there be one thing that every male human being from boyhood up knows himself better than does any one else, it is his physical strength and the limits thereof. Nature herself sets her danger signals whenever that physical strength is being overtaxed. So it is the general rule that "a servant is not entitled to recover damages from his master for injuries received in consequence of straining and overtaxing himself in lifting heavy objects in his master's service, since the servant is the best judge of his own lifting capacity, and the risk of not overtaxing it rests upon him." (4 Thompson's Commentaries on Negligence, p. 860, sec. 4; *Ferguson* v. *Phoenix Cotton Mills,* 106 Tenn. 236, [61 S. W. 53]; *Stenvog* v. *Minnesota Trans. Co.,* 108 Minn. 199, [17 Ann. Cas. 240, 25 L. R. A. (N. S.) 362, 121 N. W. 903]; *Worlds* v. *Georgia Ry. Co.,* 99 Ga. 283, [25 S. E. 646].) Nor does this principle suffer modification where the injury is sustained by a minor. For, as has been said, it will be an exceptional case where a minor is so young, so unintelligent, and so incompetent as not to appreciate his own physical limitations and the dangers of overstraining them. Such are the adjudications, as in *Texas & N. O. Ry. Co.* v. *Sherman* (Tex Civ.), 87 S. W. 887, where it is said: "It is not contended that an adult could have recovered under like circumstances, but appellee contends that because the injured party was a minor and ignorant of the weight of the iron, the duty was imposed upon the defendant to advise him of its weight, and warn him of the danger of trying to lift something that was too heavy for his strength. It seems to us that there can be no difference between the duty of a company to an adult who did not know the weight of the iron and a minor who lacked such knowledge. For surely the most prudent man would presume that a seventeen year old boy, doing a man's work, and getting a man's pay, would have sense enough not to injure himself by his own exertions, and acting on that

presumption would not think to warn him of such danger.'' (See, also, *Leitner* v. *Grieb,* 104 Mo. App. 173, [77 S. W. 764].) It is true that in these cases, and the many others which could be cited, the question has been discussed after proof establishing the age of the minor, whereas in this case the question is raised upon demurrer and the pleading is merely of minority. But aside from the declaration of the respondent that the proof was unquestioned that at the time of the injury the minor was over twenty years of age, there are facts pleaded in the complaint and equally conclusive upon the proposition that he had reached years and had attained experience fully sufficient to justify in this particular his being placed in the category of an adult. Thus by the pleading he was a waiter, earning and capable of earning two hundred dollars a month. No immature child can do this. A waiter's work is a man's work, and of itself necessarily involves the lifting and carrying of burdens and the moving of weights. As to this particular weight it is pleaded that plaintiff was ''apprehensive'' of his ability to carry it. Enough, therefore, is established by the complaint to show that the things which it is charged that the defendant did and failed to do, no more amounted to negligence in the case of this minor than in the case of an adult. This case, therefore, is in no essential similar to *Foley* v. *California Horseshoe Co.,* 115 Cal. 184, [56 Am. St. Rep. 87, 47 Pac. 42], relied on by appellant. There the minor was set to an unusual task in and about machinery, and it was held that his conduct was not to be measured by the rules applicable to the conduct of an adult under such circumstances, both because of the minor's tender years, of his inexperience in the particular task to which he was set, and of the doubtful proposition to be resolved by the jury as to whether he had a full appreciation of the increased dangers and risks of the strange employment. In the case at bar this plaintiff, touching the task which was set before him, under the circumstances of the case and under all the authorities, is chargeable with the knowledge of an adult.

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.