[Civil No. 2286.  Filed May 22, 1925.]

[236 Pac. 124.]

## THEODORE BOWERS, Appellant, v. J. D. HALSTEAD LUMBER COMPANY, a Corporation, Appellee.

1. MASTER AND SERVANT—EMPLOYEE MUST ALLEGE ACTIONABLE "NEGLIGENCE" OF EMPLOYER.—In action against employer, not brought under Employers' Liability Law nor Workmen's Compensation Act, employee must allege actionable negligence of employer; "negligence" being failure to do what a reasonably prudent person would ordinarily have done under the circumstances of the situation, or the doing of what such a person, under the existing circumstances, would not have done.

2. NEGLIGENCE — QUESTION FOR JURY.—Question of negligence is for court to decide as matter of law, where only one inference can be drawn from undisputed facts, but where facts, though undisputed, are such as to allow a difference of opinion between reasonable men as to whether or not negligence is to be inferred, right to draw that inference is for jury.

3. PLEADING — FACTS STATED IN COMPLAINT ASSUMED TO BE TRUE ON GENERAL DEMURRER.—Facts stated in complaint must be assumed to be true on general demurrer.

4. EVIDENCE — IT IS COMMON KNOWLEDGE THAT LABORER IN LUMBER BUSINESS IS HABITUALLY REQUIRED TO LIFT AND CARRY MORE THAN 100 POUNDS. — It is matter of common knowledge that laborer in lumber business is habitually required, in ordinary course of duties, to lift and carry weights far in excess of carton of paint weighing 100 pounds.

---

1.  See 18 R. C. L. 620; 20 R. C. L. 9.
2.  See 20 R. C. L. 166.
3.  See 21 R. C. L. 506.

5. MASTER AND SERVANT—EMPLOYER NOT NEGLIGENT IN FAILING TO INFORM EMPLOYEE OF WEIGHT OF 100-POUND CARTON.—Employer *held* not negligent in failing to inform experienced employee, working about lumber-yard, of weight of 100-pound carton of paint, which he was directed to carry.

6. MASTER AND SERVANT — EMPLOYER NOT NEGLIGENT IN FAILING TO FURNISH ASSISTANCE IN LIFTING 100 POUNDS.—Employer *held* not negligent in failing to furnish employee, working about lumber-yard, with assistance to lift 100-pound carton of paint out of car, in absence of request for help.

7. MASTER AND SERVANT—EMPLOYER NOT NEGLIGENT IN ORDERING EMPLOYEE TO LIFT 100 POUNDS.—Employer *held* not negligent in ordering employee, working about lumber-yard, to lift 100-pound carton of paint over side of automobile.

8. MASTER AND SERVANT—EMPLOYER NOT NEGLIGENT IN ASKING EMPLOYEE TO DO WORK NOT BEYOND POWERS OF ORDINARY MAN.—Employer is not guilty of negligence in assigning work in which employee strains himself by overexertion, unless clearly beyond powers of ordinary man.

9. MASTER AND SERVANT—WHERE EMPLOYER'S BREACH OF DUTY IS NOT SHOWN, DEMURRER BECAUSE OF ASSUMPTION OF RISK IS PROPERLY SUSTAINED.—Though assumption of risk is question for jury under Constitution, in absence of showing that employer failed to perform some duty owed to employee, demurrer was properly sustained.

---

See (1) 26 **Cyc.**, p. 1386; 29 **Cyc.**, p. 415.   (2) 29 **Cyc.**, pp. 629, 630.   (3) 31 **Cyc.**, 333.   (4) 23 **C. J.**, p. 74 (1926 Anno.).   (5) 26 **Cyc.**, p. 1173.   (6) 26 **Cyc.**, p. 1151.   (7) 26 **Cyc.**, p. 1164.   (8) 26 **Cyc.**, p. 1164.   (9) 26 **Cyc.**, p. 1177.

APPEAL from a judgment of the Superior Court of the County of Maricopa.   Dudley Windes, Judge. Affirmed.

Mr. V. G. Hash, for Appellant.

Mr. Weldon J. Bailey and Mr. Harold Baxter, for Appellee.

---

5. See 18 **R. C. L.** 646.

8. Assumption of risk of overstraining muscles in lifting weights under immediate direction of master or vice-principal, see note in 25 **L. R. A. (N. S.)** 362.

LOCKWOOD, J.—This is an action by Theodore Bowers, hereinafter called plaintiff, against J. D. Halstead Lumber Company, a Corporation, hereinafter called defendant, for personal injuries alleged to have been sustained by plaintiff as a result of the negligence of defendant.

Plaintiff filed a complaint, which was demurred to by defendant. The demurrer was sustained, and leave granted to amend. An amended complaint was filed, and a general demurrer was interposed and again sustained. Plaintiff for a second time amended his complaint, to which a demurrer was again interposed, and the court sustained it, without leave to amend, ordering the case dismissed. From this order plaintiff appeals.

It is not contended by plaintiff that he could have added anything material to his second amended complaint, had leave to amend been granted. But he does claim that, as it stood, it stated a cause of action. This is the only point involved in the appeal.

The action being for alleged negligence, and not under the Employers' Liability Law or Workmen's Compensation Act (Civ. Code 1913, pars. 3153–3162), it was necessary that plaintiff, in order to maintain his suit, must set up some actionable negligence on the part of the defendant, in his complaint. Now "negligence" is well defined as:

"The failure to do what a reasonable and prudent person would ordinarily have done, under the circumstances of the situation, or the doing what such a person, under the existing circumstances, would not have done." 3 Words and Phrases, Second Series, p. 557, and cases cited.

Is negligence a question of law for the court, or is it one of fact for the jury? The well-established rule is that, when the facts are undisputed, and only one

inference can be drawn from them, it is the duty of the court to decide, as a matter of law, whether there was negligence within the above definition. Where, however, the facts, though undisputed, are such there is room for a difference of opinion between reasonable men as to whether or not negligence is to be inferred, the right to draw the inference is for the jury. 29 Cyc. 629, 630.

On a general demurrer we must assume the facts stated in the complaint are true. We then have, as a sole issue for the court, the question, "Is there room for a difference of opinion among reasonable men as to whether negligence might be inferred from the alleged facts?" The complaint alleges substantially that plaintiff was ruptured by attempting to lift a heavy carton of paint over the door of an automobile. He was an employee of the defendant, and had been instructed to go out and get the carton, lifting it over the door to avoid scratching the auto, and to bring it into the warehouse. The package was a small size, not suggesting its weight to the casual observer, and weighed about 100 pounds. Plaintiff was not told of its weight by defendant, nor did he know of it until he attempted to lift it over the door.

It is claimed by plaintiff that defendant as his employer owed him three duties under the circumstances, each of which was violated by the defendant: First, to inform him of the weight of the package; second, to furnish him with assistance to lift it; third, to refrain from ordering him to lift it in a manner which, under the circumstances, might injure him.

It is a matter of common knowledge that a laborer in the lumber business is habitually required, in the ordinary course of his duties, to lift and carry weights far in excess of the carton of paint in question. It does not appear plaintiff was of immature years, or inexperienced in the work, and the package

was not in such a position as to endanger his safety, without his taking affirmative action by attempting to lift it. We do not think, under these circumstances, it was the duty of defendant to warn plaintiff of a fact which he could and should have determined for himself, and which could not have endangered him had he been in the exercise of ordinary care. *Omaha Bottling Co.* v. *Theiler,* 59 Neb. 257, 80 Am. St. Rep. 673, 80 N. W. 821; *Mo. Pac. Ry. Co.* v. *Watts,* 64 Tex. 568; *Storrs* v. *Mich. Starch Co.,* 126 Mich. 666, 86 N. W. 134; *Hathaway* v. *Illinois Cent. Ry. Co.,* 92 Iowa, 337, 60 N. W. 651.

Nor, under the circumstances, was it negligence for the defendant not to furnish plaintiff assistance in lifting the carton. An ordinarily strong laborer does not generally require assistance in lifting a hundred-pound weight out of a car, and certainly, in the absence of a request for help, a reasonably prudent employer would not have furnished it.

The third and last point of alleged negligence is in ordering plaintiff to lift the package in his arms, so as to clear the door and sides of the auto. No complaint is made that it is *per se* unreasonable to ask a laborer to lift a hundred-pound carton over the side of an automobile, nor do we think such a contention could be properly made. The ordinary rule of law is that, when it comes to a question of a servant straining himself by overexertion, the master is not guilty of negligence in asking the servant to do the work in question, unless it is clearly beyond the powers of the ordinary man, as the servant is presumed to be able to do what the ordinary man in the same line of occupation can do, and is the best judge of his own capacity. *Ferguson* v. *Phoenix Cotton Mills,* 106 Tenn. 236, 61 S. W. 53; *Haviland* v. *Kansas City P. & G. R. Co.,* 172 Mo. 106, 72 S. W. 515; *Stenvog* v. *Minn. Tran.*

*Ry. Co.,* 108 Minn. 199, 17 Ann. Cas. 240, 25 L. R. A. (N. S.) 362, 121 N. W. 903.

Counsel for appellant, however, contends most strenuously that the demurrer was really based on the theory that the complaint shows affirmatively plaintiff assumed the risk of the employment, and, since under our Constitution that question is always for the jury, it was error to sustain the demurrer. We think the case of *Burian* v. *Los Angeles Cafe Co.,* 173 Cal. 625, 161 Pac. 4, declares the principle of law applicable to cases of this kind. Therein it is said:

"The assumption of risk necessarily presupposes a failure on the part of the employer to perform some duty which he owes to his employee. In other words, it presupposes, and to be of avail, must be based on, the negligence of the employer. For it is not every risk against injury arising from which the employer is liable to his employee. Every human being lives under ceaseless risk, under perpetual peril to his life and limb. Accidents of astounding character are ever occurring. . . . To render the employer liable for the resultant injury occasioned by any one of them, he must have failed in some duty to the employee. . . . If he has not so failed, the injury falls into one of two categories, for neither class of which is the employer responsible. The injury will have resulted, either from the fault of the employee alone, or will have been the result of unavoidable casualty, arising through no fault of either the employer or the employee."

It must be remembered, as we said before, this is a common-law action of negligence. Had plaintiff been able to bring it under the Employers' Liability Law, it might have been possible to set up a good cause of action. The policy of the statute in cases of this kind, however, is a matter for the legislature, and not for us.

For the foregoing reasons, since the second amended complaint showed clearly no cause of action

had been stated or could be stated under the facts set forth therein, the trial court's action was correct.

Judgment affirmed.

McALISTER, C. J., and ROSS, J., concur.