GORDON AILES, Appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY.

**Master and servant:** SAFE PLACE TO WORK. A master is only required to furnish his servant a safe place to work, and safe appliances to be used for his protection as the work progresses; he is not required to stand by and insist upon the use of those appliances which he has furnished to protect the servant from the dangers which may arise from failure to do so.

*Appeal from Franklin District Court.*— HON. J. H. RICHARDS, Judge.

MONDAY, JUNE 10, 1907.

ACTION for damages resulted in a directed verdict and judgment for defendant. The plaintiff appeals.— *Affirmed.*

*Taylor & Evans,* for appellant.

*W. S. Kenyon* and *J. H. Scales,* for appellee.

LADD, J.— Blim and. Wattenour were engaged as machinists in chiseling a cylinder in the defendant's shops at Waterloo. As a result, chips of steel flew about them, and, for their better protection, Blim directed the plaintiff, who had been assigned by the foreman of the shops to the duty of acting as his helper for that day, to hang a gunny sack or burlap between him and Wattenour. This was done, but later Blim informed him that the sack had come down, and instructed him to replace it. Plaintiff proceeded to do so; but, before he had finished, Blim began chiseling, when a chip of steel flew into plaintiff's eye and destroyed it. No warning of the danger was given, and this was plaintiff's first experience in so placing a gunny sack; but he had been in the shop nine or ten months, had frequently noticed the machinists chip steel from cylinder heads or engines, and was aware of such chips flying when the workmen were engaged in that kind of employment. He knew the purpose of hanging the sack between the men was to catch the chips or splinters, so that they would not strike them. The place was perfectly safe, but for the chips caused by the two men, and the sole question for decision is whether, under this state of facts, negligence can be charged to the defendant. It is conceded that Blim, whose negligence primarily caused the injury, was a fellow servant, save in the matter of providing a safe place to work, in which respect appellant contends that he was engaged in a masterial duty, and for this reason any negligence on his part was that of the company. All other points raised by the record were settled in *Hathaway v. Railway,* 92 Iowa, 337.

Some fifty or sixty machinists were employed in the shops, and about the same number of helpers. The foreman of the shops assigned the helpers to assist the different machinists each day, with instructions to do whatever such machinists might direct. The plaintiff had been helping Blim the day previous, though at different work. The gunny sack was used only when the machinists were engaged in this particular kind of work. · At other times it was not necessary. The general principle that a master cannot delegate the duty of furnishing a safe place in which his employés shall work is not questioned. The point involved is whether the facts of the case bring it within this rule. It will be observed that no structural defect in the equipment of the shop is claimed; nor is it contended that the company omitted to furnish proper appliances. The necessity of the screen was temporary merely, and incident to the particular work to be done. It was a device employed in the performance of that work to protect the men from injury while engaged therein, and it was their duty to exercise their own judgment in making use of it at the proper time. There was no occasion for the screen, save when the chiseling occurred, and it was to be made use of by the men the same as their tools, and appears to have been essential for their protection. The company, having furnished a safe place to work and safe appliances to be used for the protection of the men as the work progressed, had performed its duty, and it was under no obligation to stand by and insist upon the workmen making use of the means which it had provided for them to guard against such dangers as might arise from their omission to do so. As was said in *Durst v. Carnegie Steel Co.,* 173 Pa. 162 (33 Atl. 1102): " The danger could only arise as the work progressed, and be caused by the work done. In such a case, we do not think it the duty of the employer to stand by during the progress of the work to see when the danger arises. It is sufficient if he provides against such danger

as may possibly or probably arise, and gives the workman the means of protecting themselves. They should look out for such dangers, and use the means provided." See Labatt on Master and Servant, sections 588, 614, 615. In the last section, after reviewing the decisions, it is said: " The virtual effect of the authorities is that, whenever the defective scaffold or other appliance was essentially one of a temporary character, constructed or adjusted with a view to some particular piece of work, the master cannot be held negligent, merely for the reason that he left such construction or adjustment to the servants themselves." The use of this screen was a mere temporary expediency of the employés, and hanging it was no more the master's duty than the adjustment or placing of the tools of the workmen. As well say that it was a master's duty to see that Blim so hung his tools, not presently employed, that the place by reason thereof would not be dangerous to his fellow servants. What plaintiff was directed to do was one of the details of the employment devolving on the servants, and for which the company was in no way responsible. See 4 Thompson on Negligence, section 3760 *et seq.*

As the injury was not due to any negligence on the part of the defendant, the judgment must be, and is *affirmed.*