## OTTO NELSON v. JACOB S. SAARI and Another.[1]

December 5, 1913.

Nos. 18,252—(124).

**Liability for negligence of driver — evidence of employment by defendants.**

In an action brought by the plaintiff to recover for an injury done to one

[1] Reported in 144 N. W. 137.

Note.—The authorities on the question who is responsible for acts of driver of hired vehicle are collated in notes in 13 L.R.A.(N.S.) 1122; 16 L.R.A.(N.S.) 816; 25 L.R.A.(N.S.) 33; and 38 L.R.A.(N.S.) 973.

of his horses, hired to the defendants, through the personal negligence of the driver, the plaintiff claiming that the team was hired by him to the defendants and the driver employed by them, and the defendants claiming that they hired the team and driver of the plaintiff, the driver being in the employ of the plaintiff, it is *held* that the evidence does not justify a finding of the jury that the driver was in the employ of the defendants so that they were liable for his personal negligence in driving the team.

Action in the district court for St. Louis county to recover $337 for injury to plaintiff's horse by the negligence of defendants. The case was tried before Hughes, J., and a jury which returned a verdict of $148.50 in favor of plaintiff. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed and new trial granted.

*O. J. Larson* and *M. E. Louisell,* for appellants.

*Andrew Nelson* and *George B. Sjoselius,* for respondent.

PER CURIAM.

This action was brought to recover damages for injuries sustained by one of the plaintiff's horses while working for the defendants. There was a verdict for the plaintiff. The defendants appeal from the order denying their alternative motion.

The plaintiff's team worked for the defendants. One Arndt drove it.

The evidence justifies a finding of the jury that Arndt was negligent and that his negligence caused an injury to one of the horses.

The situation is this: If the plaintiff hired his team and driver to the defendants, Arndt to be his servant in driving the team, the defendants are not liable for Arndt's negligence in driving it. If Arndt was the servant of the defendants in driving the plaintiff's team, and negligently injured one of them, the defendants are liable. The case was concisely submitted to the jury by the trial court along these lines.

The evidence strongly supports the contention of the defendants that they hired of the plaintiff his team and driver at a gross sum per month with the understanding that the driver was to be with the team, as he always was, and was to be in the employ of the plain-

tiff in driving and caring for it, in other words, that it was a single hiring of team and driver. The plaintiff paid the driver. Up to the close of the Friday afternoon session all of the evidence supported this contention. That was the effect of Arndt's testimony. In a colloquy between the court and counsel the court clearly stated that such was the effect of the evidence so far, and pointedly asked counsel whether that would continue to be the evidence, and received an affirmative answer. The court then suggested that time would be saved by charging the jury that the relation of master and servant existed between the plaintiff and Arndt. Counsel acceded to this and proceeded to offer evidence upon his claim that the defendants negligently directed the doing of the work, his claim being in part that the work should not have been done on the ice as it was done. If the defendants negligently directed the doing of the work, and as a result the horse was injured, they might be liable though there was a single hiring. The law is not in dispute and is well enough illustrated by DeVoin v. Michigan Lumber Co. 64 Wis. 616. At the close of the Friday afternoon session recess was taken until Monday morning. On Monday morning, when the hearing was resumed, the plaintiff stated his position to be that the defendants, through the plaintiff as their agent, hired Arndt, and that he was in fact employed by the defendants to drive the plaintiff's team under such circumstances that they were liable under the doctrine of respondeat superior for his negligence. In support of this claim the plaintiff testified that he had a talk with one of the defendants about hiring his team; that the defendants wanted him to get a driver for it; that as agent for the defendants he employed Arndt to go with the team; and that Arndt was in fact working for the defendants under the agreement which he made in their behalf. Arndt at the time was working for the plaintiff driving this particular team. When he went to the defendants he simply changed the place and character of his work. The testimony of the plaintiff was equivocal and very little inconsistent with the claim that there was a letting of his team and driver for a stated price as a single hiring. No new arrangement was made with Arndt as to his pay. Nothing was said about pay.

The change of the theory of the case between the adjournment on Friday evening and the convening of court on Monday morning is not such as to commend the integrity of the plaintiff's claim. A verdict returned on evidence so uncertain, and after such a direct change of position during the intermission of the court, should be set aside and a new trial had.

Order reversed and new trial granted.