## BOLL CREAMUS v. GREAT NORTHERN RAILWAY COMPANY.[1]

### October 29, 1915.

### Nos. 19,310—(44).

**Judgment notwithstanding verdict.**

    Judgment is directed for defendant notwithstanding the verdict, for the reason that the finding of negligence made by the jury is not sustained by the evidence.

[1] Reported in 154 N. W. 616.

---

Note.—As to right to judgment non obstante veredicto because of failure of proof, see note in 12 L.R.A.(N.S.) 1021.

Action in the district court for St. Louis county to recover $10,000 for injury received while in the employ of defendant. The case was tried before Dancer, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*M. L. Countryman* and *Baldwin, Baldwin & Holmes,* for appellant.

*Victor L. Power,* for respondent.

TAYLOR, C.

At the time of the injury for which plaintiff seeks to recover, defendant's section crew, of which plaintiff was a member, were engaged in cutting weeds on and near defendant's railway track. They were furnished a hand car for use in transporting themselves and their tools and equipment. While they were at work, the section foreman moved the hand car along the track as occasion required, and also assumed the duty of keeping watch for approaching trains. An approaching train came in sight around a curve and the foreman called the men to remove the hand car from the track. The hand car was provided with a handle at each corner for use in lifting it. A man seized each handle, plaintiff and the foreman at one end of the car and two others at the other end, and lifted it up and carried it from the track. While assisting in removing the car, plaintiff suffered an inguinal hernia which he claims was caused by the strain he sustained. Plaintiff sued for damages and recovered a verdict. Thereafter defendant made a motion for judgment notwithstanding the verdict, and, in case that should be denied, for a new trial. This motion was denied and defendant appealed.

It is the general rule that a master is not liable for an injury to his servant caused by overexertion in lifting heavy articles, as the servant is "the best judge of his own lifting capacity and the risk is upon him not to overtax it." Stenvog v. Minnesota Tr. Ry. Co. 108 Minn. 199, 121 N. W. 903, 25 L.R.A. (N.S.) 362, 17 Ann. Cas. 240. Plaintiff recognized this rule, but contended that the foreman did not discover the approaching train until it was so near that great haste was necessary to avoid a collision; that in the exercise of proper care the foreman ought to have

discovered the train in time to have permitted the removal of the hand car without such haste, and that the negligence of the foreman in this respect brought about the situation which caused plaintiff to overexert himself.

The trial court submitted the case to the jury solely upon the question as to whether the foreman was negligent in not discovering and reporting the approach of the train earlier. Consequently the verdict of the jury is necessarily based upon a finding that the foreman was negligent in the respect stated, and, unless there is evidence to support such finding, the verdict cannot be sustained. A careful examination of the record discloses no evidence tending to support this finding. On the contrary, all the evidence is to the effect that the foreman discovered the train and gave warning of its approach as soon as it came around the curve where it could be seen. The variance between the testimony on the part of the plaintiff and that on the part of the defendant is not as to this fact, but as to the distance from the hand car to the train when the train came into view around the curve. The estimates as to this distance varied greatly, but do not tend to show that the foreman failed to give warning as soon as the train became visible. It follows that the verdict cannot be sustained.

In determining whether a new trial should be granted or judgment should be directed notwithstanding the verdict, the claim that the injury was caused by the two men at the other end of the car dropping that end before plaintiff and the foreman dropped the end lifted by them deserves consideration. Plaintiff himself, of course, is the only one who knows, and the only one who testifies as to when the injury occurred. On his original examination, he testified repeatedly that it occurred when he lifted the car up, and after his own counsel had asked him specifically whether it occurred when he "lifted up from the track or when the men dropped it," he answered, "the time I lifted up." After a recess, he was again placed upon the stand and then stated that he felt the pain when he put the car down, but even here he did not say that he felt it when the other men put down the other end of the car. No question as to negligence in dropping the other end of the car was submitted to the jury; and at the close of the charge the court inquired: "Is there anything I have omitted, gentlemen, that should be mentioned?" To this

inquiry plaintiff's counsel responded: "Not anything that I care to suggest." Plaintiff's reiterated statements to the effect that he felt the pain of the injury at the time he lifted the car from the track, and his failure either to request or suggest that the court submit to the jury the question as to whether a negligent dropping of the other end of the car caused the injury, indicate that such claim is without merit, and this is not overcome by the change in statement made by plaintiff after recess. See Nelson v. Saari, 123 Minn. 492, 144 N. W. 137. The order appealed from is reversed and the trial court will render judgment in favor of defendant notwithstanding the verdict.