Richards, J.
The plaintiff, James Rodeff, sued in the court of common pleas for the purpose of recovering damages for personal injury resulting to him on September 20, 1915. He was employed as a section man, and at the time of his injury was engaged, with other workmen, under the direction of a foreman, in moving steel rails by the use of tongs, from the track or right of way of the defendant company. At the close of the opening statement to the jury made by counsel for plaintiff, the court, on motion of the defendant, directed the jury to return a verdict for the defendant upon such statement of counsel. This motion was argued by counsel, and upon consideration thereof the court granted the same and judgment was entered on the verdict. While the method of procedure thus adopted has not been very common in the state courts, yet the trial judge in so proceeding was not traveling in any untrodden path. The practice is approved in Cornell v. Morrison, 87 Ohio St., 215.
*75 The opening statement follows substantially the allegations of the amended petition, elaborating those allegations in some respects. The amended petition and the opening statement show, in substance, that the plaintiff and other workmen had been supplied by the company with tools known as tongs, used to lift and carry steel rails, and that these tongs were of such length as to permit the section hands to take hold of the handles and lift and carry the rails while the workmen were standing or moving in a more or less upright position. The rail which the section men were handling was about 30 feet in length and weighed approximately 1000 pounds. The men had been supplied with six •pairs of tongs, and twelve meti were engaged in the operation of moving the rail. ■ It appears that the plaintiff was standing on the track and holding the tong fastened nearest the back end of the rail, which was elevated above the track; that all the other workmen were standing alongside of the rail, six on each side; and that plaintiff was elevated from a foot and a half to two feet above the man holding to the same tong and directly opposite him. It is averred and asserted by counsel in the opening statement that there was a decline from the place where the plaintiff stood, inside the rail, to the right of way, outside the rail, and that the rail was to be carried across this decline or depression; and counsel assert in the opening statement that the end of the rail lying on the track should have been pried or pushed off the track and placed in a parallel position to the track and lengthwise of the depression.
*76 Plaintiff contends that the negligent act of the defendant consists in directing the carrying of this rail across this decline in an improper manner; that by reason of the inequalities in the ground the burden of the rail would be shifted unequally upon the workmen. The statement further shows that this greater burden was cast upon the plaintiff and the man stationed at the side near where he was standing, that the men opposite plaintiff were standing on lower ground and their lifting capacity thereby to a great degree impaired, and that when they started to carry the rail the workman on the same side and next to the plaintiff stepped down from the track in advance of the plaintiff, thereby lessening his capacity to lift, and shifting the great proportion of the burden to the plaintiff.
The emplojmient in which the plaintiff was engaged was the simple operation of assisting in the carrying of a heavy burden, an operation which is nearly, if not quite, as simple as the familiar one of carrying a trunk up, or down, stairs. We have given careful attention to the oral and written arguments of counsel and are unable to find any such negligence of the defendant as would render it liable.
The case is, in our judgment, directly within the rule announced in Stenvog v. Minnesota Transfer Ry. Co., 108 Minn., 199, also reported in 17 A. & E. Anno. Cases, 240. The principle which forbids a recovery is that the servant is the best judge of his own lifting capacity. The principle is equally applicable whether the burden is to be lifted and carried on level ground or on ground which is uneven. The notes to the case just cited, as found *77 in American and English Annotated Cases, state that the lifting of heavy objects involves no perils that are not obvious to any person of common understanding. The rule as stated is followed in Creamus v. Great Northern Ry. Co., 131 Minn., 34, 154 N. W. Rep., 616. See also Haviland v. K. C., P. & G. Rd. Co., 172 Mo., 106.
The case at bar is not entirely parallel to that of The Cincinnati Gas & Electric Co. v. Johnston, 76 Ohio St., 119, but the differences are .not of such a character as to make that case inapplicable, as an authority.
We have no hesitancy in reaching the conclusion that no such negligence is averred or stated as creates a cause of action against the defendants.
The allegations of the amended petition state that the defendants “were at the time hereinafter stated and now are engaged in interstate commerce,” and that the plaintiff was a section hand “whose work it was to assist in keeping the tracks of said railroad companies in repair for both local and interstate business and traffic.” The apparent purpose of. inserting these allegations in the amended petition was to make a case which would fall within the provisions of the Federal Employers’ Liability Act. We do not find it necessary to determine whether these allegations are or are not sufficient to bring the case within the terms of that act. To bring a case within that act it is not only necessary that it should appear that the defendant company was engaged at the time in interstate commerce, but that the employe himself was at such, time so engaged. The rule is stated in N. Y. C. & H. R. Rd. Co. v. Carr, 238 U. S., *78 260, and Shanks v. D., L. & W. Rd. Co., 239 U. S., 556. See also Pedersen v. D., L. & W. Rd. Co., 229 U. S., 146; St. L., S. F. & T. Ry. Co. v. Seale, 229 U. S., 156; C., B. & Q. Rd. Co. v. Harrington, 241 U. S., 177, and L. & N. Rd. Co. v. Parker, Admr., 242 U. S., 13.
By the terms of the Federal Employers’ Liability Act the defense that the employe assumed the risks usually incident to the employment still remains available to the employer, and, of course, it would follow that, if the plaintiff and defendant were engaged in interstate commerce at the timé the plaintiff was injured, he assumed the risk of the injury with which he met and would be thereby barred of recovery.
Finding no error, the judgment will be affirmed.

Judgment affirmed.

Chittenden and Kinkade, JJ., concur.